FRANK THOMPSON ET AL., APPELLEES, V. SUSAN C. PURCELL ET AL., APPELLANTS.

FILED JANUARY 8, 1902. No. 10,801.

1. **Judicial Sale: REVIEW: ERROR: MERITS OF ORIGINAL DECREE.** In a proceeding in error from a decree of the district court confirming a judicial sale, this court will not review a question involving the merits of the original decree. *Beatrice Paper Co. v. Beloit Iron Works*, 46 Nebr., 900.

2. ————: SECOND APPRAISEMENT. Where property has been regularly appraised for judicial sale, a second appraisement is not authorized until the property has been twice advertised and twice offered for sale and not sold for want of bidders, unless the appraisement as made is for some valid reason vacated by the trial court.

3. **Second Appraisement: OBJECTION: VACATION.** Where an objection is interposed to a second appraisement and a sale made thereunder on the ground that the property had not been offered for sale as the law required under a prior appraisement, and the court, in passing on the objection, vacated the appraisement and sale and directed a new appraisement, *held* equivalent to also vacating the first appraisement.

4. **Appraisal: VACATION: MOTION: RES ADJUDICATA.** When a prior appraisal has been vacated by order of court, presumably upon a sufficient showing, a motion subsequently interposed to require the sheriff to return such appraisement and proceed to advertise and sell the property thereunder, is properly overruled, the matter already having been adjudicated.

5. **Motion: EVIDENCE.** Ruling of trial court overruling motion to require sheriff to make return of a prior alleged appraisement and proceed to advertise and sell property thereunder. *held* to be justified under the evidence.

APPEAL from the district court for Douglas county. Heard below before SCOTT, J. *Affirmed.*

*John W. Cooper,* for appellants.

*W. T. Nelson, contra.*

HOLCOMB, J.

From a final order of confirmation of a sale of real estate made in foreclosure proceedings, defendants appeal. But two grounds are advanced for a different holding from that adopted by the trial court. First, it is argued that the court erred in not sustaining a demurrer to the petition on which the decree was founded. But, on an appeal from an order of confirmation, it is too late to ask a review of rulings involving the merits of the original decree. *Beatrice Paper Co. v. Beloit Iron Works,* 46 Nebr., 900. Secondly, it is contended confirmation should be withheld because the property was sold under a third appraisement, when it had never been advertised and offered for sale twice and not sold for want of bidders, under the appraisement first had. The facts, as disclosed by the record, appear substantially as follows: An order of sale was issued on the decree rendered in the case and the property appraised at $2,700. There is some controversy as to whether the appraisement thus made was regular, and assented to by the three appraisers acting in relation to the matter. Without making any return of an appraisement, and at the request of the plaintiff's attorney, the order of sale was returned by the sheriff into court without further action, and an alias order of sale issued and the property was again appraised and offered for sale and bid in. This proceeding was unauthorized, as no second appraisement could rightfully be had until the property had been twice advertised and offered for sale under the first appraisal, and not sold for want of bidders, or until the court had been appealed to to vacate the appraisement because of some valid reason ren-

dering it as made irregular and invalid.  The defendants objected to the appraisement and sale thus made on several grounds, among which was that the property had once before been legally appraised and not offered for sale as the law required.  The plaintiff also moved that the appraisement be vacated and the sale set aside on the ground that the order of sale had not been returned within the time required by law.  The court, on the objections interposed, entered an order setting aside the appraisement and sale, and directed a new appraisement.  This, we think, was equivalent to setting aside both prior appraisements and directing a new one.  As the question of the legality of the first appraisement was presented by the defendants' objections to the second, and as the evidence on which the court acted is not preserved in the record, we must presume that it ruled rightly, and upon sufficient competent evidence to support the ruling so made.

After the proceedings last noted, a *pluries* order of sale was issued and the property again appraised, advertised for sale, and sold for more than two-thirds of its appraised value.  To the appraisement last made defendants again interposed objections, and moved to vacate the same for substantially the same reasons offered in the motion to vacate the second appraisement.  A motion was also presented and filed to require the sheriff to make a return of the appraisement alleged to have been first made on January 18.  No objection being made to the order setting aside the prior appraisal and directing a new one on the motion and objection to the second appraisement, nor any effort made to have the order so made vacated or modified, we think it must follow that the question was adjudicated in the ruling there had, and that the court properly overruled the motion last made.  The court having once passed upon the question, and presumably correctly, it was not called upon to again relitigate the same matter, and the defendants have no just cause of complaint because of its refusal to do so.

On the evidence presented in support of the motion to

require the sheriff to make a return of the first appraisal and proceed to advertise and offer for sale the property thereunder, and the showing in opposition thereto, the ruling of the court on the merits of the motion should be upheld, as there is evidence to justify the conclusion that the appraisement first had was not consented to by one of the appraisers who, it is alleged, assisted in making the appraisement.

For the reason stated the order of confirmation ought to be, and accordingly is,

AFFIRMED.