WILLIAM MEDLAND, APPELLEE, v. DAVID VAN ETTEN ET AL., APPELLANTS.

FILED FEBRUARY 22, 1906. No. 14,113.

1. **Tax** Certificate: FORECLOSURE: RES JUDICATA. Where, in an action foreclosing a tax sale certificate, an issue as to the metes and bounds of a certain lot is presented and determined by the court, such an issue is thereby concluded, and a sale of the lot described in the decree of foreclosure will not be disturbed, upon a motion to set the same aside for irregularity in the description.

2. **Decree:** DORMANCY. Section 482 of the code, which provides when a judgment shall become dormant and cease to operate as a lien

on the real estate of the judgment debtor, does not apply to a decree for the sale of specific real property. *Herbage v. Ferree*, 65 Neb. 451.

3. **Tax Liens**: PRIORITIES. Taxes levied and assessed for general revenue purposes constitute a lien superior to the lien of a tax sale certificate issued thereto.

4. **Appraisal**: REVIEW. There being no evidence of fraud, the appraised value of real estate under an order of sale will not be set aside.

5. **Judicial Sale**: OBJECTIONS. One holding the equity of redemption cannot be heard to complain that the purchaser at a judicial sale, who bids as trustee for plaintiff, is not such trustee.

6. ———: ———. The viewing of the property by the judge who decided the motion to set aside a sale thereof is not error.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*David Van Etten,* for appellants.

*H. P. Leavitt, contra.*

EPPERSON, C.

This is an appeal from an order of the district court for Douglas county confirming a sale of real estate made under a decree for the foreclosure of a tax sale certificate. The decree of foreclosure was entered May 2, 1894, and the appellants prosecuted proceedings in error in this court, seeking to reverse the decree of foreclosure, which was, however, affirmed. See *Van Etten v. Medland,* 53 Neb. 569. The mandate then issued commanded the lower court to cause execution to issue, carrying into effect the said judgment in the manner provided by law. On November 6, 1902, an order of sale was issued to the sheriff of Douglas county, who proceeded to sell the property named in the decree, complying with all statutory provisions. The appraisers valued the property at $2,000, and from this deducted the amount of prior liens $701.82, appraising the interests of the appellants at $1,298.18. The property was sold on the 23d of Decem-

ber, 1902, by the sheriff to Florence Leavitt, trustee for
the plaintiff, for $900. Prior to the sale appellants filed
objections to the appraisement, and immediately after
the sale filed a motion to set the same aside. On the first
day of August, 1904, the district court overruled the
motion to set aside the sale, and granted the appellee's
motion to confirm. From this order the defendants ap-
peal.

Several questions are presented which demand separate
consideration. First. Appellants insist that the prop-
erty sold is not the property covered by the lien fore-
closed. The petition describes the property as follows:
"Sublot thirteen (13) of lot nine (9), Capitol Addition,
or more particularly described as follows: All that piece
or parcel of land commencing at the point on the south
line of Harney street, eighty-one (81) feet west of the
west line of C. W. Keyes' land, running thence west forty
(40) feet, thence south one hundred and twenty (120)
feet; thence east forty (40) feet, thence north one hun-
dred and twenty (120) feet to the place of beginning."
In their answer appellants denied that said property was
more particularly described as recited in the petition,
and alleged that it was more particularly described as
follows: "Commencing at a point in the south line of
Harney street seventy-four (74) feet west of C. W. Keyes'
land, and running thence west on the south line of Har-
ney street fifty-one (51) feet to a stake, thence south one
hundred and twenty-six (126) feet to a stake, thence east
fifty-one (51) feet to a stake, and thence north one hun-
dred and twenty-six (126) feet to the place of beginning;
that said last described land is the only sublot thirteen
(13) in lot nine (9) in Capitol Addition to the city of
Omaha." The court found that the more particular de-
scription of said sublot thirteen (13), in block nine (9),
was as alleged in the answer, reciting in decree of fore-
closure the description thereof by metes and bounds, and
ordered "that the property above described, to wit, sub-
lot thirteen (13) of lot nine (9), in Capitol Addition to

the city of Omaha, be sold, and an order of sale shall issue," etc.  It is apparent that the property described in the decree was sublot thirteen (13) of lot nine (9), in Capitol Addition, and that that was the property sold. If an error, the appellants' remedy existed at that time; they had an opportunity then to challenge the trial court's attention thereto in their motion for a new trial, and to present it to this court in their petition in error, in their proceeding then instituted to procure a reversal of the decree of foreclosure.  The presenting of this question now, in opposing the confirmation, is in the nature of a collateral attack upon the decree, to which it is not subject. *Logan County v. McKinley-Lanning L. & T. Co.,* 70 Neb. 399.  This question goes to the merits of the case, and is not now subject to review. *Thompson v. Purcell,* 63 Neb. 445; *Beatrice Paper Co. v. Beloit Iron Works,* 46 Neb. 900.

Second.  As a further reason for setting aside the sale, appellants claim that the decree had become dormant, and proceedings thereunder barred by limitation.  Section 482 of the code prescribing when judgments shall become dormant, and the lien thereof cease to exist upon real estate, does not refer to decrees for the foreclosure of tax certificates. *Herbage v. Ferree,* 65 Neb. 451.  Appellants, however, rely upon section 509 of the code, which also, we believe, refers to judgments *in personam* only.  But, if otherwise, by express terms it defeats the appellants' contention.  It provides, among other things, the following: "But in all cases where judgment has been or may be rendered in the supreme court, and any special mandate awarded to the district court to carry the same into execution, the lien of the judgment creditor shall continue for five years after the first day of the next term of the district court to which such mandate may be delivered."  The mandate was filed in the clerk's office July 26, 1898, and the order of sale issued within five years thereafter.  The decree has never become inoperative by lapse of time.

Third. It is claimed that, in arriving at the value of appellants' interest, the appraisers deducted from the real value subsequent and not prior liens. The amount deducted as prior incumbrance was the sum of the taxes levied for general revenue purposes for the years 1894 to 1902, inclusive, as shown by the certificates of the county and city treasurers. The lien foreclosed was a certificate for the sale of taxes levied for the year 1886. Taxes levied subsequent to the date of the certificate constituted a lien superior to the lien of the certificate, and the sum thereof was properly deducted from the real value.

Fourth. The appellants, for a further reason, maintain that the property was fraudulently appraised too low. All evidence presented as to the value of the property was by affidavits, and very unsatisfactory. The appraisement of the property November 12, 1902, fixed the amount of the minimum bid which the sheriff was authorized to receive. In support of this allegation appellants introduced in evidence affidavits used at a former hearing, which related to the value of the property in 1891. Counter-affidavits indicated the value in June, 1904. Such proof is not entitled to consideration, as it goes to show the value at times so distant from the date of the appraisal that we cannot reasonably presume that the property did not change in value. A few affidavits were, however, relevant. The appellant David Van Etten himself recites that the buildings upon the premises are of the value of $4,000; and another affiant informs the court as follows: "I unhesitatingly say that any appraisement of said property at $2,000, or any approximate sum, is not only inadequate, but a gross fraud." And C. D. Hutchinson says: "I have no hesitancy in saying that any appraisement of said property for the sum of $2,000, or several times that sum, is not only a fraud, but a gross outrage." No other evidence was given to impeach the appraisement, and the affidavits submitted are insufficient for that purpose. The appraisers were disinterested, and were acting under oath, and their valua-

tion should not be discarded except upon evidence of fraud.

Fifth.   It is argued that the sale should be set aside because it is not shown that the purchaser is plaintiff's trustee as she claims to be.   The sheriff's return designated the purchaser as trustee for the plaintiff.   No other evidence on this point is presented.   In an issue joined between the sheriff and the plaintiff, or between the plaintiff and purchaser, this would not be competent evidence, but appellants are not concerned in the relationship existing between the appellee and purchaser, and cannot be heard to complain.

Sixth.   Appellants complain that the trial court received evidence in the absence of the appellants, and in support of this contention gave evidence, embodied in an affidavit, that the judge, prior to his decision, and while he had the matter under consideration, in answer to a question asked by the affiant, made the statement: "That he would not make said decision until he went up with a good real estate man to advise him as to the value of said property, and examine it."   And further, that the judge was seen in the vicinity, apparently observing the premises, with a companion unknown to affiants.   This is insufficient for the purpose of showing that the court considered or heard evidence other than is presented in the bill of exceptions.   The viewing of the premises by the judge who heard and decided the motion is not error.

The proceedings in the district court were regular, and we recommend that the judgment be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.