WILLIAM MEDLAND, APPELLEE, V. EMMA L. VAN ETTEN ET AL., APPELLANTS.

FILED MAY 10, 1907.   No. 15,043.

1. Tax Certificate: FORECLOSURE. Where a petition in foreclosure describes the property by lot number (the same as contained in the tax certificate foreclosed), and further by a particular description in metes and bounds, and the answer denies the particular description and alleges a different boundary, the court has jurisdiction to ascertain what is in fact the true boundary and enter a decree accordingly.

2. Case Affirmed. *Medland v. Van Etten*, 75 Neb. 794, reaffirmed.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Affirmed.*

*David Van Etten,* for appellants.

*H. P. Leavitt, contra.*

EPPERSON, C.

The foreclosure of a tax sale certificate has been had in this case. The decree confirming the sale was affirmed

7

by this court in *Medland v. Van Etten,* 75 Neb. 794, where a statement of the facts may be found. Subsequently to the issuing of the mandate therein the purchaser filed a motion for a writ of assistance, which was sustained, and a decree entered allowing the writ. Defendants appeal.

It is earnestly contended that the decree of foreclosure is void, because the property ordered sold is not the property described in the petition. This identical question was before the court in *Medland v. Van Etten, supra,* and determined adversely to defendants' contention. The case has once been adjudicated, and we would be justified in making no further investigation of the only question now presented. But, prompted by the earnestness of defendants' argument, we have again reviewed the entire proceeding, and are convinced that the decree assailed is not void. Even were the decree subject to collateral attack, we find no reason for annulling it. It is supported by the pleadings, and there is no variance between it and the petition. It is true the particular description was not accurate, but sublot 13 in lot 9 was described in the petition, in the decree, and in the order of sale. Upon issue joined, the court determined what was the particular description of the tract in controversy and rendered a decree accordingly. This was clearly within the power of the trial court. The proceedings gave jurisdiction over the property described in the tax sale certificate, not only for determining the amount of the incumbrance, but for the purpose of ascertaining and decreeing the exact dimensions or boundaries thereof.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.