STATE OF NEBRASKA, APPELLANT, V. DARRYL WREN, APPELLEE.

450 N.W.2d 684

Filed January 26, 1990.    No. 89-336.

Randy R. Stoll, Seward County Attorney, for appellant.

No appearance for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

This is an appeal brought by the State through the county attorney for Seward County, pursuant to Neb. Rev. Stat. § 29-2315.01 (Reissue 1989). The State argues that the sentence imposed by the district court is not authorized by Neb. Rev. Stat. § 28-105(2) (Reissue 1985) and that the reduced sentence imposed by the district court is not authorized by Neb. Rev. Stat. § 29-2308.01 (Reissue 1989).

At issue in this appeal are questions of law. It is a well-established rule that on questions of law the Supreme Court has an obligation to reach a conclusion independent of that reached by the trial court.

On May 18, 1987, pursuant to a plea of guilty, defendant was convicted of one count of burglary, and following the revocation of a sentence of probation for 4 years, he was sentenced on February 21, 1989, to a term of imprisonment in the *Seward County jail* for 1 year. On March 6, 1989, defendant's motion for reduction of sentence was heard and sustained "to the extent that the statute provides that a sentence of one year be served in the Nebraska Correctional Complex it is ordered served in the *Seward County Jail.*" (Emphasis supplied.)

On March 13, 1989, the county attorney for Seward County

filed with the district court an application for leave to docket error proceedings. On March 14, stating that an order of sentence reduction is not an appealable order, the district judge denied the application for leave to docket error proceedings.

The application without the judge's signature was filed in this court on March 28, 1989, and on April 17, this court granted leave to docket error proceedings.

The State assigns as errors that a sentence to a term of imprisonment in the county jail for a Class III felony is not authorized by § 28-105(2) and that the district court erred in resentencing the defendant to a term of imprisonment for 1 year in the county jail in response to defendant's application for reduction of sentence pursuant to § 29-2308.01.

At the outset we are met with a question of jurisdiction because the application for appeal was not signed by the district judge. Section 29-2315.01 sets forth the procedures to follow in order for the State to appeal rulings or decisions of the trial court during a criminal case. The application for leave to docket the appeal, as provided in that section, must be presented to the trial court within 20 days after the final order is entered.

> [I]f the trial court finds it is in conformity with the truth the judge of the trial court *shall sign the same* and shall further indicate thereon whether in his or her opinion the part of the record which the county attorney proposes to present to the Supreme Court is adequate for a proper consideration of the matter.

(Emphasis supplied.) § 29-2315.01. The application shall then be presented to the Supreme Court within 30 days from the date of the final order.

As should be apparent, the trial judge has no authority to decide whether an appeal under § 29-2315.01 may be taken; he or she may only decide if the application is in conformity with the truth and whether the part of the record which is proposed to be presented is adequate for a proper consideration of the matter. The arbitrary refusal of the district judge to endorse the application does not deprive this court of jurisdiction.

Defendant was convicted of a Class III felony. See Neb. Rev. Stat. § 28-507 (Reissue 1989). Section 28-105(2) provides in

pertinent part: "All sentences of imprisonment for Class IA, IB, II, and III felonies . . . shall be served in institutions under the jurisdiction of the Department of Correctional Services."

It is clear that the district court lacked statutory authority to sentence defendant to a term of imprisonment in the county jail. See *State v. Rathbun*, 205 Neb. 329, 287 N.W.2d 445 (1980). It is equally clear that the district court lacked authority to utilize § 29-2308.01 to "reduce" defendant's sentence to a term of imprisonment in county jail rather than in an institution of the Department of Correctional Services. Ignoring the fact that reduction of sentence typically means a reduction in the amount of time to be served, it goes without saying that the authority of a court to reduce a sentence pursuant to § 29-2308.01 extends only to reducing the sentence to a statutorily authorized sentence. The State's exceptions must be sustained.

The issue remaining is whether this court can reverse and remand for a new sentence or only point out the trial court's error.

The trial court's sentence was certainly unauthorized as being beyond its power to pronounce. A void sentence is no sentence, *Knothe v. State*, 115 Neb. 119, 211 N.W. 619 (1926), and therefore the defendant is legally without sentence, *State v. Gaston*, 191 Neb. 121, 214 N.W.2d 376 (1974).

On direct appeal this court has the power to remand for a lawful sentence where the one pronounced was erroneous or void as being beyond the power of the trial court to pronounce and where the accused himself or herself invoked appellate jurisdiction for the correction of errors. *State v. Ferrell*, 218 Neb. 463, 356 N.W.2d 868 (1984); *State v. Gaston, supra.* This case, however, is not a direct appeal wherein the defendant invoked appellate jurisdiction for the correction of errors.

As recently as *State v. Schall, ante* p. 101, 449 N.W.2d 225 (1989), in a § 29-2315.01 appeal by the State, we said: "Under § 29-2316 (Reissue 1985), the Nebraska Supreme Court may reverse an appellate ruling of a district court in a criminal case where the defendant has not been placed legally in jeopardy." Neb. Rev. Stat. § 29-2316 (Reissue 1989) provides in part:

The judgment of the court in any action taken under the

provisions of sections 29-2315.01 to 29-2316 shall not be reversed nor in any manner affected where the defendant in the trial court has been placed legally in jeopardy, but in such cases the decision of the Supreme Court shall determine the law to govern in any similar case which may be pending at the time the decision is rendered, or which may thereafter arise in the state.

*Schall* involved an appeal from the judgment of the district court, which, while acting as an appellate court, reversed the judgment of the county court by reducing the sentence. We in turn reversed the judgment of the district court by reinstating the more severe sentence. However, the same reasoning would apply to the present case, wherein we reverse the more lenient sentence imposed by the district court while acting as a trial court.

The question then becomes whether the defendant in this case has been placed legally in jeopardy as far as his sentence is concerned.

Review of a defendant's sentence initiated by the government does not in itself offend double jeopardy principles just because success might deprive the defendant of the benefit of a more lenient sentence. *United States v. DiFrancesco*, 449 U.S. 117, 101 S. Ct. 426, 66 L. Ed. 2d 328 (1980). According to the Court:

The double jeopardy focus, thus, is not on the appeal but on the relief that is requested, and our task is to determine whether a criminal sentence, once pronounced, is to be accorded constitutional finality and conclusiveness similar to that which attaches to a jury's verdict of acquittal. We conclude that neither the history of sentencing practices, nor the pertinent rulings of this Court, nor even considerations of double jeopardy policy support such an equation.

*Id*. at 132. The Court further stated:

The double jeopardy considerations that bar reprosecution after an acquittal do not prohibit review of a sentence. We have noted above the basic design of the double jeopardy provision, that is, as a bar against repeated attempts to convict, with consequent subjection of the defendant to embarrassment, expense, anxiety, and

insecurity, and the possibility that he may be found guilty even though innocent. These considerations, however, have no significant application to the prosecution's statutorily granted right to review a sentence. This limited appeal does not involve a retrial or approximate the ordeal of a trial on the basic issue of guilt or innocence. . . . The defendant, of course, is charged with knowledge of the statute and its appeal provisions, and has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired.

*Id.* at 136. "The Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." *Id.* at 137.

Inasmuch as no double jeopardy is involved, we reverse the judgment of the district court and remand the cause with directions to resentence the defendant in accordance with this opinion.

EXCEPTIONS SUSTAINED, AND CAUSE
REMANDED WITH DIRECTIONS.