STATE OF NEBRASKA, APPELLEE, V. JAMES A. JACOBSEN, APPELLANT.

471 N.W.2d 427

Filed June 28, 1991.   No. 90-502.

Douglas J. Stratton, of Gerrard, Stratton & Mapes, P.C., for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

James A. Jacobsen, defendant, appeals from the district court's order affirming the county court's revocation of his probation based on his alleged failure to satisfactorily fulfill the conditions of his probation.

On December 15, 1987, Jacobsen appeared in the county court for Cedar County and pled guilty to driving while under the influence of alcoholic liquor, third offense, in violation of Neb. Rev. Stat. § 39-669.07 (Cum. Supp. 1987). The court accepted Jacobsen's plea after finding that it was knowingly, intelligently, and voluntarily entered into and that there was a factual basis for the plea. He was sentenced to 2 years' probation with conditions, fined $250 plus costs, and ordered to serve 7 days in jail on weekends, and his license was suspended for 1 year.

The condition of probation which led to the motion for revocation at issue here required that Jacobsen undergo an evaluation for alcohol addiction and, if found to be addicted, to complete an alcohol treatment program.

A motion alleging a probation violation was filed in the county court on August 15, 1989, in which Randy Boden, probation officer, asserted that after Jacobsen was evaluated on June 13, 1988, at the Tri County Guidance Center of South Sioux City, Nebraska, Mary Howell, an alcohol and drug abuse counselor, recommended inpatient treatment. Boden agreed to let Jacobsen defer the treatment until January 1989, in order for Jacobsen to "complete the care and sale of some livestock which he currently had on his farm."

In January 1989, Jacobsen requested and received a second evaluation at Systems Associates of Norfolk, Nebraska. Alfredo Ramirez, a clinical social worker there, found that Jacobsen "is a cronic [sic] alcoholic who has no motivation to change his lifestyle." Ramirez recommended a 45-day inpatient treatment program at Valley Hope. At the time the motion alleging the probation violation was filed in August 1989, Jacobsen had not yet entered any treatment program.

A second motion for revocation of probation was then filed by the Cedar County Attorney on August 21, 1989. After a hearing on September 12, the county court, pursuant to an

agreement between the State and the defendant, approved a continuance of any further disposition "to allow completion of the standard 21 day inpatient treatment for alcoholism provided by the Veterans Administration Hospital . . . ." The court stated,

> It is further agreed to between the State and Defendant that the Defendant upon promptly entering such inpatient treatment, and upon successful completion of such inpatient treatment, that the State will recommend no further sanction or penalties to be imposed arising out of this particular probation proceeding.

The record includes an October 25, 1989, letter to Jacobsen from the Veterans' Administration which authorized him to report on November 1 for the alcohol dependency treatment program. After Jacobsen visited Dr. Edward Pease, a psychiatrist, on November 11, the doctor determined that Jacobsen would qualify for a diagnosis of alcohol abuse, but since Jacobsen reported that he had not had a drink in 23 months, he should be allowed to continue treatment with the local Alcoholics Anonymous center. Dr. Pease stated that Jacobsen did not need inpatient alcohol treatment at that time.

Jacobsen testified that he returned home and received his driver's license, "[a]nd I thought everything was done," until he learned that he was to appear in court on February 13, 1990, for a hearing on the continuance of the motion for revocation of probation. The court then continued the matter until February 23 and ordered Jacobsen to "produce documented proof of his contention that he should not attend inpatient treatment for alcoholism."

Jacobsen obtained a letter from Dr. Pease, dated February 14, 1990, which included the recommendation against inpatient treatment based on Jacobsen's contention that he had stopped drinking on his own on December 14, 1987, and that he was attending AA meetings regularly. The letter was presented at the hearing on February 23, after which the court found Jacobsen in violation of probation. The court stated:

> The Defendant was given leave, at his request, following the hearing on September 12, 1989, to secure a treatment program at the Veterans Administration Hospital. The

> Defendant did not complete the inpatient treatment program. The Defendant reports, and verifies with a letter, that he was not accepted into such program. The Defendant did not ever report such non-acceptance to the Court, or attempt to obtain alternative treatment, prior to the hearings on February 13, 1990 and February 23, 1990.

Jacobsen was sentenced to 3 months in jail and fined $500, with credit for time served and fines paid, and his license was suspended for 15 years. The State did not contest the truth of the statements made by Jacobsen to the VA psychiatrist.

Jacobsen appealed to the district court, which affirmed the lower court's finding, and then appealed to this court, assigning as error that the sentence is excessive, that the findings of fact were clearly wrong, and that the court failed to honor a plea agreement.

"Under the provisions of Neb. Rev. Stat. §§ 25-2733 and 25-1911 (Reissue 1989), the district court and the Nebraska Supreme Court generally shall review appeals from the county court for error appearing on the record." *State v. Erlewine*, 234 Neb. 855, 857, 452 N.W.2d 764, 766 (1990). In an action tried without a jury, "the findings and conclusions of the trial judge have the effect of a jury verdict and will not be set aside unless clearly wrong." *Osmond State Bank v. Uecker Grain*, 227 Neb. 636, 637, 419 N.W.2d 518, 519 (1988). "[O]n questions of law the Supreme Court has an obligation to reach a conclusion independent of that reached by the trial court." *State v. Wren*, 234 Neb. 291, 292, 450 N.W.2d 684, 686 (1990). After our review of the record, we find that the trial court was clearly wrong in finding that Jacobsen had not satisfactorily complied with the terms of probation or with the court's order of September 12, 1989, and we reverse.

While it is true that Jacobsen did not complete an inpatient treatment program at the VA hospital as required by the court's September 12, 1989, order, it is also evident that such completion was not possible, since the VA hospital would not admit him into the program. The court's order did not require that Jacobsen inform the court or the probation officer of his acceptance or completion of the program. It merely granted a continuance of any further disposition to allow Jacobsen to

obtain treatment, and noted that the State and defendant had agreed that no further sanction or penalties would be imposed "upon promptly entering such inpatient treatment, and upon successful completion of such inpatient treatment . . . ." Jacobsen did enter the program and was denied the possibility of completing it when he was refused admission.

We do not go so far as to say that Jacobsen did all that he could do to meet the court's requirements, but we find that he met the conditions as he was able. The court specifically named the treatment program he was to attend and did not identify any alternatives should the VA program be unacceptable for any reason.

Jacobsen did serve his 2-year probation period, including 7 days in jail, a $250 fine, and a 1-year license suspension. The county court's finding that he violated the condition of probation was clearly wrong, and the district court erred in affirming it. We reverse the judgment and remand the cause with directions to release the appellant from probation.

REVERSED AND REMANDED WITH DIRECTIONS.