STATE OF NEBRASKA, APPELLEE, V. DALE WILCOX, APPELLANT.

479 N.W.2d 134

Filed January 31, 1992.    Nos. 90-731, 90-732.

Gary Hogg, Buffalo County Public Defender, for appellant.

Don Stenberg, Attorney General, and Elaine A. Chapman for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

Dale Wilcox appeals his sentences for two felony convictions, namely, his conviction for issuing a bad check in the amount of $287.49, which is Wilcox's second conviction for issuing a bad check and thus a Class IV felony, see Neb. Rev. Stat. § 28-611(1) and (2) (Reissue 1979), and his conviction for first degree assault, a Class III felony, see Neb. Rev. Stat. § 28-308 (Reissue 1989).

On December 15, 1981, the district court for Buffalo County sentenced Wilcox to 2 years' probation on his conviction for issuing the $287.49 bad check. Subsequently, on March 4, 1982, the district court sentenced Wilcox to 3 years' probation on his conviction of first degree assault. Regarding both convictions and as a term of probation in each case, Wilcox was required to make monetary restitution and was forbidden to leave the jurisdiction. Additionally, as a condition of probation for the conviction on the check charge, Wilcox was ordered to receive outpatient counseling for alcohol abuse and attend meetings of Alcoholics Anonymous.

On December 8, 1983, the State moved for revocation of Wilcox's probation on the bad check conviction and alleged that Wilcox had failed to make restitution, obtain alcohol abuse counseling, and attend Alcoholics Anonymous meetings. The district court, in revocation proceedings on January 25, 1984, concluded that Wilcox had violated probation, but extended Wilcox's probation to March 1, 1985.

On August 3, 1984, the State moved for revocation of Wilcox's probation for both convictions. Concerning the assault conviction, the State alleged that Wilcox, without notifying his probation officer, had twice left the jurisdiction during the term of his probation. The State also alleged that Wilcox violated probation on the bad check conviction by his departure from the court's jurisdiction without notifying his probation officer and by his failure to make restitution. When

Wilcox failed to appear for the revocation hearing, the district court issued a bench warrant for his arrest, and Wilcox was subsequently arrested, in May 1990. At the hearing for revocation of his probation, Wilcox voluntarily waived his right to an evidentiary hearing and admitted the violations of probation alleged in the State's motions. The court accepted Wilcox's admissions of probation violations, revoked the probation imposed for each of Wilcox's convictions, and sentenced Wilcox to imprisonment for 6 months on each conviction, with the sentences to be served concurrently in the Buffalo County Detention Center.

## ASSIGNMENTS OF ERROR

Wilcox contends that the district court abused its discretion by not sentencing Wilcox to probation rather than incarceration, and that, in any event, the sentences imposed are excessive. The State counters that the court imposed an invalid sentence on the conviction for first degree assault, because Wilcox's sentence to imprisonment is for a term less than the statutory minimum.

## CONVICTION ON CHECK CHARGE

Second-offense issuing a bad check is a Class IV felony, see § 28-611(2), punishable by a maximum of 5 years' imprisonment, a $10,000 fine, or both such imprisonment and fine, see Neb. Rev. Stat. § 28-105(1) (Reissue 1979); hence, a conviction for issuing a bad check carries no statutorily prescribed minimum sentence. The district court sentenced Wilcox to 6 months' imprisonment in the Buffalo County Detention Center.

" 'A sentence imposed within the statutory limits will not be disturbed on appeal unless the sentencing court has abused its discretion in the sentence imposed.' " *State v. Johnson*, 238 Neb. 206, 208, 469 N.W.2d 761, 763 (1991) (quoting from *State v. Kitt*, 232 Neb. 237, 440 N.W.2d 234 (1989)). Accord, *State v. Witt*, 239 Neb. 400, 476 N.W.2d 556 (1991); *State v. Staten*, 238 Neb. 13, 469 N.W.2d 112 (1991). This court has also stated:

[I]n considering a proper sentence, the trial court is not limited in its discretion to any mathematically applied set of factors. It is necessarily a subjective judgment and

includes the observations of the sentencing judge as to the demeanor, attitude, and all facts and circumstances surrounding the life of the defendant.

*State v. Stranghoener*, 208 Neb. 598, 603, 304 N.W.2d 679, 682 (1981). Accord, *State v. Witt, supra*; *State v. Tuttle*, 238 Neb. 827, 472 N.W.2d 712 (1991); *State v. Schall*, 234 Neb. 101, 449 N.W.2d 225 (1989). Further, "[w]hether the sentence imposed is probation or incarceration is a matter within the discretion of the trial court, whose judgment denying probation will be upheld in the absence of an abuse of discretion." *State v. Zitterkopf*, 236 Neb. 743, 749-50, 463 N.W.2d 616, 621 (1990). Accord, *State v. Lane*, 227 Neb. 687, 419 N.W.2d 666 (1988); *State v. Brown*, 225 Neb. 418, 405 N.W.2d 600 (1987).

Wilcox's sentence on the bad check conviction is within the range of penalties statutorily prescribed for a Class IV felony. In view of Wilcox's unwillingness to fulfill the conditions of his probation, as demonstrated by the established violations of probation before revocation, we are unable to conclude that the district court abused its discretion in the sentence imposed as the result of Wilcox's conviction for issuing a bad check.

## FIRST DEGREE ASSAULT

First degree assault is a Class III felony, § 28-308(2), punishable by imprisonment from 1 to 20 years, a $25,000 fine, or both such imprisonment and fine, § 28-105(1). Thus, the minimum sentence of incarceration for a first degree assault conviction is 1 year. The district court sentenced Wilcox to 6 months' imprisonment in the Buffalo County Detention Center. The State contends that a sentence to a term of imprisonment of 6 months for a Class III felony is unauthorized by § 28-105(1), which clearly prescribes that incarceration, as punishment for conviction of a Class III felony, is for a minimum term of 1 year.

In a direct appeal, when a defendant has appealed to correct errors which may have entered into the defendant's conviction or sentence, the Supreme Court is empowered to set aside a sentence and remand for resentencing, when the sentence imposed is unauthorized under law and, therefore, void. See, *State v. Wren*, 234 Neb. 291, 450 N.W.2d 684 (1990); *State v.*

*Ferrell*, 218 Neb. 463, 356 N.W.2d 868 (1984); *State v. Rolling*, 209 Neb. 243, 307 N.W.2d 123 (1981); *State v. Gaston*, 191 Neb. 121, 214 N.W.2d 376 (1974). "A void sentence is no sentence . . . and therefore the defendant is legally without sentence." *State v. Wren, supra* at 294, 450 N.W.2d at 687. The preceding rules apply " 'with equal force to a sentence for a shorter period than the minimum prescribed by statute.' " *State v. Gaston, supra* at 123, 214 N.W.2d at 377. Section 28-105(1) authorizes imprisonment for a minimum of 1 year on a conviction for a Class III felony; therefore, the district court lacked statutory authority to sentence Wilcox to a term of imprisonment of less than 1 year.

Additionally, our review in Wilcox's case discloses plain error in the district court's sentence on the first degree assault conviction, since the court sentenced Wilcox to serve his imprisonment in the Buffalo County Detention Center. "Plain error may be found on appeal, when an error, unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would cause a miscarriage of justice or damage the integrity, reputation, and fairness of the judicial process." *In re Estate of Fischer*, 227 Neb. 722, 726, 419 N.W.2d 860, 862 (1988). Accord, *State v. Moore*, 235 Neb. 955, 458 N.W.2d 232 (1990); *State v. Thomas*, 229 Neb. 635, 428 N.W.2d 221 (1988). See, also, Neb. Rev. Stat. § 25-1919 (Supp. 1991): "The . . . Supreme Court may at its option consider a plain error not specified in appellant's brief." See, further, Neb. Ct. R. of Prac. 9D(1)d (rev. 1991): "The court may, at its option, notice a plain error not assigned." In *Katskee v. Nevada Bob's Golf of Neb.*, 238 Neb. 654, 661, 472 N.W.2d 372, 379 (1991), we stated, "Plain error may be asserted for the first time on appeal or be noted by the appellate court on its own motion."

Wilcox was convicted of a Class III felony. Section 28-105(2) provides in pertinent part: "All sentences of imprisonment for Class . . . III felonies . . . shall be served in institutions under the jurisdiction of the Department of Correctional Services." The Buffalo County Detention Center is not an institution under the jurisdiction of the state Department of Correctional Services. Therefore, the district court's sentence on Wilcox's first degree

assault conviction, that is, imprisonment in the Buffalo County Detention Center, is unauthorized. See *State v. Wren, supra.*

Because the district court lacked statutory authority to impose a 6-month sentence in the county detention center for Wilcox's conviction of first degree assault, a Class III felony and a crime punishable by imprisonment for a minimum term of 1 year in an institution "under the jurisdiction of the Department of Correctional Services," see § 28-105(2), we set aside the district court's sentence imposed on Wilcox for his assault conviction.

## CONCLUSION

The sentence on Wilcox's conviction for issuing a bad check is affirmed, but the sentence on Wilcox's first degree assault conviction is vacated, and this matter is remanded to the district court so that an authorized and appropriate sentence may be imposed on Wilcox.

AFFIRMED IN PART, AND IN PART SENTENCE VACATED AND CAUSE REMANDED FOR RESENTENCING.