certificate. *Medland v. Van Etten*, 75 Neb. 794, 106 N.W. 1022 (1906). See, also, *Coffin v. Old Line Life Ins. Co.*, 138 Neb. 857, 295 N.W. 884 (1941). Tax liens

> "'take priority in the reverse order of other liens. As to all other liens the first in order of time is prima facie superior to those of a later date. In the case of tax liens, however, the "last shall be first and the first last." The general and universal rule is that in proceedings in rem to enforce the payment of taxes the last tax levied and sought to be enforced is superior and paramount to the lien of all other taxes, claims, or titles.' . . ." 3 Cooley, Taxation (4th Ed.) sec. 1242.

*Coffin v. Old Line Life Ins. Co.*, 138 Neb. at 861, 295 N.W. at 887 (emphasis omitted). Consequently, not only are Sarpy County's general tax liens for the second half of 2011 and 2012 to be paid from the proceeds of the foreclosure sale, but Sarpy County's liens also take priority over Echo Financial's liens.

## CONCLUSION

We find that the district court properly granted summary judgment in favor of Echo Financial; however, we reverse the decision of the district court on errors contained in the foreclosure deed, vacate the foreclosure deed, and remand the cause for issuance of a new foreclosure deed consistent with this opinion.

Affirmed in part, vacated in part, and in part
reversed and remanded with directions.

---

State of Nebraska, appellee, v.
David H. Minnick, appellant.
\_\_\_ N.W.2d \_\_\_

Filed May 19, 2015.    No. A-14-650.

1.  **Criminal Law: Sentences: Time.** In the absence of statute, when a valid sentence has been put into execution by commitment of a prisoner, the court has no authority to set aside, modify, amend, or revise the sentence, either during or after the term or session of court at which the sentence was imposed. Any attempt

to do so is of no effect and the original sentence remains in force. However, where a portion of the sentence is valid and a portion is invalid or erroneous, the court has authority to modify or revise the sentence by removing the invalid or erroneous portion of the sentence if the remaining portion of the sentence constitutes a complete valid sentence.

2. **Sentences: Judges: Records.** Where a sentence is validly imposed, a judge may correct an inadvertent mispronouncement of a sentence only in those instances in which it is clear that the defendant has not yet left the courtroom; it is obvious that the judge, in correcting his or her language, did not change in any manner the sentence originally intended; and no written notation of the inadvertently mispronounced sentence was made in the records of the court.

3. **Sentences.** Sentences of less than 1 year shall be served in the county jail, whereas sentences of 1 year or more for Class IIIA felonies shall be served in institutions under the jurisdiction of the Department of Correctional Services.

4. ____. A void sentence is no sentence.

5. ____. If the original sentence is invalid, it is of no effect and the court may impose any sentence which could have been validly imposed in the first place.

Appeal from the District Court for Madison County: James G. Kube, Judge. Affirmed.

Christopher P. Bellmore, Chief Deputy Madison County Public Defender, for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

Moore, Chief Judge, and Riedmann and Bishop, Judges.

Riedmann, Judge.

## INTRODUCTION

David H. Minnick appeals his plea-based conviction and sentence for fourth-offense driving under the influence (DUI). On appeal, he argues that the district court improperly imposed a subsequent sentence because his original sentence was only partially invalid. We find no merit to his argument and therefore affirm.

## BACKGROUND

Minnick was initially charged with aggravated fourth-offense DUI. Pursuant to a plea agreement, the information was amended to remove the enhancement and Minnick pleaded guilty to fourth-offense DUI, a Class IIIA felony. The factual basis for the charge provided by the State indicated that

Norfolk police officers found Minnick in a running vehicle on a public street or highway in Madison County, Nebraska, and that when a blood test was taken, Minnick's blood alcohol content was found to be in excess of the legal limit. The district court accepted the plea and found Minnick guilty.

Minnick was initially sentenced "to a term of not less than, nor more than, 180 days' incarceration [in an institution] under the jurisdiction of the Nebraska Department of Corrections." He was given credit for 10 days previously served. The district court further ordered that Minnick be allowed to participate in any alcohol and drug treatment program made available through the Department of Correctional Services.

A few hours after he was originally sentenced, Minnick was brought back before the court. The district court informed him that

> evidently the sentence that I gave was 180 days down at the Department of Corrections with treatment. I can't sentence you to 180 days down at the Department of Corrections, at least it's questionable whether I can or not. Regardless, they're not going to accept you.
>
> So my options would then be to probably send you down there for a minimum of one year and allow you to get some treatment down there or sentence you to— keep your sentence at 180 days, but just put you in the Madison County Jail here, but you wouldn't get any treatment.

Minnick said that he understood and conferred with his attorney. His attorney then told the court that Minnick would prefer to be resentenced to 1 year's incarceration at the Department of Correctional Services so that he could possibly get treatment for his alcohol issues. The district court then vacated the prior sentence and sentenced Minnick "to a term of not less than, nor more than, one year in the Department of Corrections." Minnick now appeals to this court.

## ASSIGNMENT OF ERROR

Minnick assigns that the district court erred in imposing a subsequent sentence, because the original sentence was

validly imposed in part and could only be modified to correct the invalid portion of the original sentencing order.

## STANDARD OF REVIEW

This appeal presents a question of law. When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. Gass*, 269 Neb. 834, 697 N.W.2d 245 (2005).

## ANALYSIS

Minnick argues that the district court erred in imposing a subsequent sentence. He asserts that once a valid sentence is imposed, it cannot be modified, amended, or revised in any way.

[1,2] In *State v. McDermott*, 200 Neb. 337, 263 N.W.2d 482 (1978), the Nebraska Supreme Court stated that in the absence of statute, when a valid sentence has been put into execution by commitment of a prisoner, the court has no authority to set aside, modify, amend, or revise the sentence, either during or after the term or session of court at which the sentence was imposed. Any attempt to do so is of no effect and the original sentence remains in force. However, where a portion of the sentence is valid and a portion is invalid or erroneous, the court has authority to modify or revise the sentence by removing the invalid or erroneous portion of the sentence if the remaining portion of the sentence constitutes a complete valid sentence. *Id*. Additionally, where a sentence is validly imposed, a judge may correct an inadvertent mispronouncement of a sentence only in those instances in which it is clear that the defendant has not yet left the courtroom; it is obvious that the judge, in correcting his or her language, did not change in any manner the sentence originally intended; and no written notation of the inadvertently mispronounced sentence was made in the records of the court. See *State v. Foster*, 239 Neb. 598, 476 N.W.2d 923 (1991). The question therefore becomes whether the original sentence imposed was a valid sentence. We determine that it was not.

[3] In the present case, Minnick was convicted of fourth-offense DUI, a Class IIIA felony. See Neb. Rev. Stat. § 60-6,197.03(7) (Cum. Supp. 2014). The court was required to sentence Minnick to serve at least 180 days' imprisonment. See *id*. Sentences of less than 1 year shall be served in the county jail, whereas sentences of 1 year or more for Class IIIA felonies shall be served in institutions under the jurisdiction of the Department of Correctional Services. See Neb. Rev. Stat. § 28-105(2) (Cum. Supp. 2014). Consequently, the district court lacked statutory authority to impose its original sentence of 180 days under the jurisdiction of the Department of Correctional Services. See *State v. Wren*, 234 Neb. 291, 450 N.W.2d 684 (1990), *overruled on other grounds*, *State v. Hense*, 276 Neb. 313, 753 N.W.2d 832 (2008).

In *State v. Wren, supra*, the defendant was sentenced to 1 year's imprisonment in the county jail for his conviction of burglary, a Class III felony. The defendant filed a motion for reduction of sentence which was sustained "'to the extent that the statute provides that a sentence of one year be served in the Nebraska Correctional Complex it is ordered served in the . . . County Jail.'" *State v. Wren*, 234 Neb. at 292, 450 N.W.2d at 686 (emphasis omitted). The Supreme Court granted leave for the State to docket error proceedings in that court.

[4] Citing § 28-105(2) for the requirement that all sentences of imprisonment for a Class III felony be served in an institution under the jurisdiction of the Department of Correctional Services, the Supreme Court held that the district court was without statutory authority to sentence the defendant to the county jail. The Supreme Court stated that the "trial court's sentence was certainly unauthorized as being beyond its power to pronounce. A void sentence is no sentence . . . and therefore the defendant is legally without sentence." *State v. Wren*, 234 Neb. at 294, 450 N.W.2d at 687. It remanded the cause with directions to resentence the defendant.

In *State v. Wilcox*, 239 Neb. 882, 479 N.W.2d 134 (1992), the trial court sentenced the defendant to 6 months' imprisonment in the county detention center on a conviction of first degree assault, a Class III felony. The minimum sentence of

incarceration for that crime was 1 year. On appeal, the State argued that the sentence was invalid because it was for a term less than the statutory minimum. The Nebraska Supreme Court agreed, stating the district court lacked statutory authority to sentence the defendant to a term of imprisonment of less than 1 year.

More applicable to the present case, however, the court in *State v. Wilcox* went on to find plain error because the district court sentenced the defendant to serve his imprisonment in the county detention center. Citing § 28-105(2), the Supreme Court observed that all sentences of imprisonment for Class III felonies shall be served in an institution under the jurisdiction of the Department of Correctional Services. The Supreme Court concluded that because the county detention center was not an institution under the jurisdiction of the Department of Correctional Services, the district court's sentence was "unauthorized" and therefore void. *State v. Wilcox*, 239 Neb. at 887, 479 N.W.2d at 137. The Supreme Court stated that a void sentence is no sentence and remanded the cause to the district court for an authorized and appropriate sentencing.

In the present action, the initial sentence was unauthorized because it did not comply with § 28-105(2) in that the trial judge sentenced Minnick to a term of 180 days in an institution under the direction of the Department of Correctional Services. As a result, the sentence was void because Minnick could have been sentenced to a period of either 180 days in the county jail or a minimum of 1 year and a maximum of 5 years under the Department of Correctional Services, but not a combination of the two options. Minnick was, therefore, without sentence until he was brought back into court and was sentenced to 1 year under the supervision of the Department of Correctional Services. As a result, the district court did not err in vacating the original sentence and imposing a new term of incarceration.

We recognize that Minnick's sentence was partially valid, in that the court was authorized to sentence him to a period of 180 days or authorized to commit him to the Department of Correctional Services; however, the 180 days were required to be served in the county jail, whereas commitment to the

Department of Correctional Services required a sentence of 1 year or more. Although *State v. McDermott*, 200 Neb. 337, 263 N.W.2d 482 (1978), provides that a partially invalid sentence can be modified or revised by removing the invalid portion, that procedure is only permissible when the remaining portion of the sentence constitutes a complete valid sentence.

In *State v. McDermott*, the original sentence was for "6 months in jail, subject to review in 30 days by the Court." 200 Neb. at 339, 263 N.W.2d at 484. The phrase "subject to review in 30 days by the Court" was unauthorized and invalid. Because the removal of this phrase left a complete valid sentence, the district court was authorized to modify the invalid part by removing it. Here, either portion of the sentence (duration or location) is valid; however, it is the combination that makes the sentence invalid. Therefore, the district court was not limited to correction of either portion of the sentence and could, instead, sentence Minnick anew.

As to the court's authority to call Minnick back into the courtroom and resentence him, a similar situation arose in *State v. Blankenship*, 195 Neb. 329, 237 N.W.2d 868 (1976). In *State v. Blankenship*, the court sentenced the defendant on a Friday to an indeterminate period of not less than 25 nor more than 30 years' imprisonment on a conviction of second degree murder. The following Monday, the court, on its own motion, determined that the indeterminate sentence was invalid. The court therefore vacated the sentence and resentenced the defendant to life imprisonment.

[5] On appeal, the defendant in *State v. Blankenship, supra*, argued that the second sentence was invalid. The court rejected that argument, citing the general rule that if the original sentence is invalid, it is of no effect and the court may impose any sentence which could have been validly imposed in the first place. Because a conviction for second degree murder required the imposition of a sentence of a definite term of years, not less than the minimum authorized by law, or a sentence of life imprisonment, the original sentence was invalid and the district court had the authority to impose a new, valid sentence, even when that new sentence increased the term of imprisonment. Therefore, the new life sentence was affirmed on appeal.

See, also, *State v. Shelby*, 194 Neb. 445, 232 N.W.2d 23 (1975) (affirming resentencing where defendant was invalidly sentenced to treatment or confinement in Lincoln Regional Center under discretion of director).

Because no valid sentence was initially imposed upon Minnick, the court had the authority to bring Minnick back into the courtroom and impose a valid complete sentence, even if it increased the term of imprisonment.

## CONCLUSION

Because the original sentence was unauthorized and therefore void, the district court did not err in imposing a new sentence on Minnick. Accordingly, we affirm the conviction and sentence.

Affirmed.