STATE OF NEBRASKA, APPELLEE, v. DEMETRIUS A. JOHNSON, APPELLANT.
469 N.W.2d 761

Filed May 24, 1991.    No. 90-267.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Robert M. Spire, Attorney General, and Denise E. Frost for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

A jury in the district court for Douglas County convicted Demetrius A. Johnson of four felonies: count I—first degree assault of one victim; count II—use of a firearm for commission of that assault; count III—attempted first degree assault of another victim; and count IV—use of a firearm in the attempted assault specified for count III.

In his two assignments of error, Johnson contends that because of a "total lack of positive identification evidence," brief for appellant at 5, there is insufficient evidence to sustain the convictions and that the district court abused its discretion by imposing an excessive sentence.

## STANDARD OF REVIEW

"In determining whether evidence is sufficient to sustain a conviction in a jury trial, the Supreme Court

does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented to a jury, which are within a jury's province for disposition. A verdict in a criminal case must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that verdict."

*State v. Zitterkopf*, 236 Neb. 743, 746-47, 463 N.W.2d 616, 619 (1990) (quoting *State v. Brown*, 225 Neb. 418, 405 N.W.2d 600 (1987)). Accord *State v. Reynolds*, 235 Neb. 662, 457 N.W.2d 405 (1990).

"On a claim of insufficiency of evidence, the Supreme Court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. Only where evidence lacks sufficient probative force as a matter of law may the Supreme Court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt."

*State v. Zitterkopf, supra* at 747, 463 N.W.2d at 620 (quoting *State v. Robertson*, 223 Neb. 825, 394 N.W.2d 635 (1986)). Accord *State v. Reynolds, supra*.

## BASIS FOR CONVICTIONS AND SENTENCES

As reflected by the salient evidence at Johnson's trial, the two assault victims were standing at the side of an Omaha street as an automobile passed by. Johnson, previously known to the victims, was identified by both victims as an occupant of the passing vehicle. Johnson was the vehicle's only occupant who discharged a firearm from the car. A shot struck and paralyzed one victim, while other shots struck the other victim's shoe or narrowly missed the victim. In addition to the assault victims, another eyewitness, who also personally knew Johnson, observed the shooting and identified Johnson as the perpetrator. Johnson claimed that at the time of the shooting, he was at a barbecue with his family.

After Johnson's convictions for the four felonies and subsequent to a presentence report, the court sentenced Johnson to imprisonment for the convictions, namely, 3 to 6 years on count I; 20 months to 4 years on count II, to be served consecutively to the sentence for count I; 1 to 3 years on count III, to run concurrently with the sentences imposed for counts I

and II; and 20 months to 4 years on count IV, to run consecutively to the sentence for count III, but concurrently with the sentences imposed on counts I and II. Johnson received credit for time in custody while he was awaiting trial and eventual sentencing.

Examining the evidence, which is construed most favorably to the State in light of Johnson's convictions, we conclude that the evidence is sufficient to sustain each of Johnson's convictions; hence, Johnson's convictions are affirmed.

Pursuant to Neb. Rev. Stat. § 28-1205(3) (Reissue 1989), use of a firearm to commit a felony "shall be treated as a separate and distinct offense from the felony being committed . . . ." A sentence imposed under § 28-1205(3) must be consecutive to any sentence imposed for conviction of the predicate felony. *State v. Trevino*, 230 Neb. 494, 432 N.W.2d 503 (1988).

Each sentence imposed on Johnson is within the statutorily prescribed limits. "A sentence imposed within the statutory limits will not be disturbed on appeal unless the sentencing court has abused its discretion in the sentence imposed." *State v. Kitt*, 232 Neb. 237, 240, 440 N.W.2d 234, 236 (1989). Accord, *State v. Staten, ante* p. 13, 469 N.W.2d 112 (1991); *State v. Zitterkopf, supra*; *State v. Dillon*, 222 Neb. 131, 382 N.W.2d 353 (1986). In view of the nature of the crimes and the relevant information contained in the presentence investigation report and presented at the sentence hearing, we cannot state that the district court abused its discretion in any sentence imposed on Johnson. For that reason, the sentences imposed on Johnson are affirmed.

AFFIRMED.