STATE OF NEBRASKA, APPELLEE, V. ROBERT G. FLECK, APPELLANT.
471 N.W.2d 132

Filed June 21, 1991.   No. 90-339.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Robert M. Spire, Attorney General, and Marie C. Pawol for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

In the district court for Douglas County, a jury convicted Robert G. Fleck of felonious first degree false imprisonment, a violation of Neb. Rev. Stat. § 28-314(1) (Reissue 1989), and use of a knife to commit a felony, a violation of Neb. Rev. Stat. § 28-1205(1) (Reissue 1989). Section 28-314(1) states: "A person commits false imprisonment in the first degree if he knowingly restrains or abducts another person (a) under terrorizing circumstances or under circumstances which expose the person to the risk of serious bodily injury . . . ." Sentenced to imprisonment for each conviction, Fleck appeals and, in his sole assignment of error, asserts that the evidence is insufficient to sustain his convictions. Specifically, Fleck claims that the evidence failed to establish that he committed the crimes.

## STANDARD OF REVIEW

In determining whether evidence is sufficient to sustain a conviction in a jury trial, an appellate court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented to a jury, which are within a jury's province for disposition. A verdict in a criminal case must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that verdict. *State v. Brown*, 225 Neb. 418, 405 N.W.2d 600 (1987). Accord, *State v. Lonnecker*, 237 Neb. 207, 465 N.W.2d 737 (1991); *State v. Reynolds*, 235 Neb. 662, 457 N.W.2d 405 (1990); *State v. Olsan*, 231 Neb. 214, 436 N.W.2d 128 (1989).

On a claim of insufficiency of evidence, an appellate court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. Only where evidence lacks sufficient probative force as a matter of law may an appellate court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt. *State v. Robertson*, 223 Neb. 825, 394 N.W.2d 635 (1986); *State v. Lonnecker, supra*; *State v. Reynolds, supra*.

## FACTUAL BACKGROUND

While the female victim was walking from a grocery store to her parked car at approximately 1 a.m., she saw an occupant in a cream-colored or beige automobile parked next to her car in

the lighted parking lot. As the victim approached her car, the male occupant of the beige vehicle opened that car's door. When the victim neared the front of her car, the man, wearing a ski mask and brandishing a hunting knife, pointed the knife at the victim; forced her inside her car; and directed her to drive to the back of the grocery store while the abductor sat in the rear seat of the victim's car. After the victim drove to the back of the store and parked near a "dumpster," the abductor ordered the victim to get out of the car, said that he "had a gun," threatened to shoot her if she ran, handcuffed her, and led her to a nearby area, where he talked with the victim for about 5 minutes. Throughout her contact with the abductor, the victim observed that he was wearing a ski mask with a red border or trim around the mouth and eye holes in the mask, a red checkered flannel shirt with a black T-shirt underneath, baggy jeans, "earth shoes," and white surgical gloves. The victim also noted that her abductor was a Caucasian male who was approximately 5 feet 7 inches tall, was slight in build, and had facial blemishes around his eyes, visible through the ski mask, and that he carried some duct tape with him. After talking to the victim, the man said he "couldn't do it"; released the victim from the handcuffs; walked her back to her car, where he told the victim to remain; and fled on foot.

The victim then immediately drove to a convenience store across the street, from which store the police were contacted. When the police arrived, the victim described her assailant and pointed out the beige car, which was still sitting in the grocery store parking lot. From the convenience store, officers observed an individual approach and enter the beige car across the street in the grocery store parking lot. Two officers drove to the beige car and encountered the male individual, who identified himself as "Robert Fleck." Thereupon, police brought the victim to the parking lot, where she observed that the detained Caucasian had the same blemishes around his eyes as her abductor had, was the same height and build, and was wearing the same jeans, T-shirt, and earth shoes previously noted by the victim in the course of the abduction. Police found handcuffs in Fleck's rear pocket and later located two pairs of surgical gloves and a hunting knife in the car registered to Fleck.

In a search at the dumpster site behind the grocery store, police discovered a BB gun which was a facsimile of a "large-caliber weapon." Also, under the dumpster, police found a pair of surgical gloves, a dark ski mask with red trim, duct tape, and a red checkered flannel shirt, which matched the victim's description of those articles.

## SUFFICIENCY OF THE EVIDENCE

" ' "A defendant may be convicted by circumstantial evidence which establishes the defendant's guilt beyond a reasonable doubt. The State is required to establish the defendant's guilt for the crime charged, but is not required to disprove every hypothesis consistent with the defendant's presumed innocence." ' " *State v. Zitterkopf*, 236 Neb. 743, 747, 463 N.W.2d 616, 620 (1990) (quoting *State v. Oldfield*, 236 Neb. 433, 461 N.W.2d 554 (1990)). " 'Circumstantial evidence' means facts or circumstances, proved or known, from which existence or nonexistence of another fact may be logically inferred or deduced through a rational process." *State v. Jasper*, 237 Neb. 754, 763, 467 N.W.2d 855, 862 (1991). See, also, *State v. Loveless*, 234 Neb. 463, 451 N.W.2d 692 (1990).

Viewing and construing the evidence most favorably to the State, we conclude that the evidence was sufficient for the jury to find, beyond a reasonable doubt, that Fleck was the perpetrator of the crimes charged. Because the evidence is sufficient to sustain each of Fleck's convictions, his convictions are affirmed.

AFFIRMED.