STATE OF NEBRASKA, APPELLEE, V. LEON H. JAMESON, APPELLANT.
474 N.W.2d 475

Filed September 20, 1991.　No. 90-209.

Gary L. Hogg, Buffalo County Public Defender, for appellant.

Robert M. Spire, Attorney General, William L. Howland, and Steven J. Moeller for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

A jury in the district court for Buffalo County convicted Leon H. Jameson of attempted first degree sexual assault, a violation of Neb. Rev. Stat. §§ 28-319(1)(a) and 28-201 (Reissue 1989). Attempted first degree sexual assault is a Class III felony, see § 28-201(4)(b), punishable by imprisonment for 1 to 20 years, a $25,000 fine, or both such imprisonment and fine, Neb. Rev. Stat. § 28-105 (Reissue 1989). The district court sentenced Jameson to imprisonment for 1 to 4 years.

Jameson assigns two errors. Jameson claims, first, that the evidence was insufficient to sustain his conviction, and, second, that the court imposed an excessive sentence. We affirm.

## STANDARD OF REVIEW

" 'In determining whether evidence is sufficient to sustain a conviction in a jury trial, the Supreme Court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented to a jury, which are within a jury's province for disposition. A verdict in a criminal case must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that verdict.' " . . .

" 'On a claim of insufficiency of evidence, the Supreme Court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. Only where evidence lacks sufficient probative force as a matter of law may the Supreme Court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt.' "

*State v. Johnson*, 238 Neb. 206, 206-07, 469 N.W.2d 761, 762 (1991) (quoting *State v. Zitterkopf*, 236 Neb. 743, 463 N.W.2d 616 (1990)). Accord, *State v. Reynolds*, 235 Neb. 662, 457 N.W.2d 405 (1990); *State v. Brown*, 225 Neb. 418, 405 N.W.2d 600 (1987); *State v. Robertson*, 223 Neb. 825, 394 N.W.2d 635 (1986).

## CRIMINAL ATTEMPT

Section 28-319 provides in pertinent part:

(1) Any person who subjects another person to sexual penetration and (a) overcomes the victim by force, threat of force, express or implied, coercion, or deception . . . is

guilty of sexual assault in the first degree.

(2) Sexual assault in the first degree is a Class II felony.

Neb. Rev. Stat. § 28-318(6) (Reissue 1989) states:

Sexual penetration shall mean sexual intercourse in its ordinary meaning, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of the actor's or victim's body or any object manipulated by the actor into the genital or anal openings of the victim's body which can be reasonably construed as being for nonmedical or nonhealth purposes. Sexual penetration shall not require emission of semen . . . .

Section 28-201 provides in part:

(1) A person shall be guilty of an attempt to commit a crime if he:

(a) Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as he believes them to be; or

(b) Intentionally engages in conduct which, under the circumstances as he believes them to be, constitutes a substantial step in a course of conduct intended to culminate in his commission of the crime.

. . . .

(3) Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

(4) Criminal attempt is:

. . . .

(b) A Class III felony when the crime attempted is a Class II felony.

To sustain a conviction for the offense of criminal attempt in violation of § 28-201(1)(a) or (b), evidence must establish beyond a reasonable doubt that the defendant intentionally engaged in conduct which (1) would constitute a particular crime, if the attendant circumstances were as the defendant believes such circumstances to be, or (2) under the circumstances as the defendant believes such circumstances to be, constitutes a substantial step in a course of conduct intended to culminate in the defendant's commission of the crime. *State v. White,* 238 Neb. 840, 472 N.W.2d 720 (1991). See, also,

*State v. Swoopes*, 223 Neb. 914, 395 N.W.2d 500 (1986); *State v. Benzel*, 220 Neb. 466, 370 N.W.2d 501 (1985); *State v. Sodders*, 208 Neb. 504, 304 N.W.2d 62 (1981).

## SUFFICIENCY OF THE EVIDENCE

Examining the evidence, which is construed most favorably to the State in light of Jameson's conviction, we conclude that the evidence is sufficient to sustain the conviction. In Jameson's trial, the State factually established that, in the early morning hours of the date alleged, Jameson, uninvited and unknown to the 19-year-old victim, entered the residence shared by the victim and her female roommate. Jameson went into the victim's bedroom, where she was alone and asleep, and crawled into the victim's bed. While the victim struggled, Jameson fondled the victim's breasts and ultimately placed his hand and erect penis in the victim's vaginal area, but there was no sexual penetration. Eventually, the victim freed herself from Jameson and called police, who arrived shortly afterwards, although Jameson had departed in the meantime. After the police investigated the assault, Jameson was arrested and charged with attempted sexual assault.

A jury could, and did, reasonably find that Jameson intentionally engaged in conduct which constituted a substantial step toward the commission of first degree sexual assault. Hence, the evidence is sufficient to sustain Jameson's conviction, which is affirmed.

## EXCESSIVE SENTENCE

Jameson was sentenced to imprisonment for 1 to 4 years, a penalty statutorily authorized by § 28-105(1) for a Class III felony. " 'A sentence imposed within the statutory limits will not be disturbed on appeal unless the sentencing court has abused its discretion in the sentence imposed.' " *State v. Johnson, supra* at 208, 469 N.W.2d at 763 (quoting *State v. Kitt*, 232 Neb. 237, 440 N.W.2d 234 (1989)). Accord, *State v. Staten*, 238 Neb. 13, 469 N.W.2d 112 (1991); *State v. Zitterkopf*, 236 Neb. 743, 463 N.W.2d 616 (1990); *State v. Dillon*, 222 Neb. 131, 382 N.W.2d 353 (1986). In view of the nature of the crime and the relevant information contained in the presentence investigation report, we cannot state that the district court

abused its discretion in the sentence imposed on Jameson. For that reason, the sentence imposed on Jameson is affirmed.

AFFIRMED.