STATE OF NEBRASKA, APPELLEE, V. GLENN R. WITT, APPELLANT.

476 N.W.2d 556

Filed November 1, 1991. No. 90-758.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

A jury in the district court for Douglas County convicted Glenn R. Witt of burglary, a violation of Neb. Rev. Stat. § 28-507(1) (Reissue 1989). Burglary is a Class III felony, § 28-507(2), punishable by imprisonment for 1 to 20 years, a $25,000 fine, or both such imprisonment and fine, Neb. Rev. Stat. § 28-105 (Reissue 1989). The district court sentenced Witt to imprisonment for 6²/₃ to 20 years.

Witt assigns two errors. Witt contends, first, that the evidence was insufficient to sustain his conviction and, second, that the court imposed an excessive sentence.

## SUFFICIENCY OF EVIDENCE

Section 28-507 provides: "(1) A person commits burglary if such person willfully, maliciously, and forcibly breaks and enters any real estate or any improvements erected thereon with intent to commit any felony or with intent to steal property of any value. (2) Burglary is a Class III felony."

In *State v. Tuttle*, 238 Neb. 827, 832, 472 N.W.2d 712, 716 (1991), we stated:

"In determining whether evidence is sufficient to sustain a conviction in a jury trial, the Supreme Court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented to a jury, which are within a jury's province for

disposition. A verdict in a criminal case must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that verdict."

Accord, *State v. Zitterkopf*, 236 Neb. 743, 463 N.W.2d 616 (1990); *State v. Reynolds*, 235 Neb. 662, 457 N.W.2d 405 (1990).

On a claim of insufficiency of evidence, the Supreme Court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. Only where evidence lacks sufficient probative force as a matter of law may the Supreme Court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt.

*State v. Robertson*, 223 Neb. 825, 830, 394 N.W.2d 635, 638 (1986). Accord, *State v. Tuttle, supra*; *State v. Zitterkopf, supra*; *State v. Reynolds, supra*.

"In reference to § 28-507, the statute which defines burglary, '[i]ntent sufficient to support a conviction for burglary may be inferred from the facts and circumstances surrounding an illegal entry into improvements on real estate.' " *State v. Tuttle, supra* at 833, 472 N.W.2d at 716-17. Accord *State v. Vaughn*, 225 Neb. 38, 402 N.W.2d 300 (1987).

"The intent involved in conduct is a mental process and may be inferred from the conduct itself, the actor's language in reference to the conduct, and the circumstances surrounding an incident." *State v. Pierce*, 231 Neb. 966, 971, 439 N.W.2d 435, 440 (1989). Accord, *State v. Tuttle, supra*; *State v. Swigart*, 233 Neb. 517, 446 N.W.2d 216 (1989). "When an element of a crime involves existence of a defendant's mental process or other state of mind of an accused, such elements involve a question of fact and may be proved by circumstantial evidence." *State v. Hoffman*, 227 Neb. 131, 140, 416 N.W.2d 231, 237 (1987).

" 'Circumstantial evidence' means facts or circumstances, proved or known, from which existence or nonexistence of another fact may be logically inferred or deduced through a rational process." *State v. Jasper*, 237 Neb. 754, 763, 467 N.W.2d 855, 862 (1991). Accord *State v. Fleck*, 238 Neb. 446, 471 N.W.2d 132 (1991). "A defendant may be convicted by circumstantial evidence which establishes the defendant's guilt beyond a reasonable doubt. The State is required to establish

the defendant's guilt for the crime charged, but is not required to disprove every hypothesis consistent with the defendant's presumed innocence." *State v. Blue Bird*, 232 Neb. 336, 339, 440 N.W.2d 474, 476 (1989). Accord *State v. Fleck, supra.*

Examining the evidence, which is construed most favorably to the State in light of Witt's conviction, we conclude that the evidence was sufficient to sustain the conviction. In the early morning hours of January 30, 1990, Witt kicked in the door of Dianne Greer's house, breaking the doorjamb and window. In response to Witt's forced entry into her home, Greer called the police immediately, fled from her home, and sought shelter at a neighbor's house. Witt entered Greer's house, took $22 from Greer's wallet and the keys to her Ford Bronco, and then left the house. The police arrived shortly thereafter and observed Witt "just coming out from behind the canopy" by the door of Greer's house. Witt told the officers that he was Greer's boyfriend, that he lived at the residence, that Greer had locked him out of the house after their argument, and that the Ford Bronco belonged to him. During their investigation, police discovered that none of what Witt had told them was true and found that Witt was carrying the keys for the Bronco and money which had been in Greer's wallet. Police arrested Witt, who was later charged with burglary. Witt's conduct in attempting to deceive the police and the fact that he was carrying Greer's property was sufficient evidence for the jury's conclusion that when Witt entered Greer's house, he had the intent to steal property of any value located inside the house.

Accordingly, the evidence at Witt's trial, construed most favorably to the State, supports the jury's finding that Witt "willfully, maliciously, and forcibly" broke into and entered Greer's house "with intent to steal property of any value." See § 28-507(1). Therefore, the evidence is sufficient to sustain Witt's burglary conviction.

## EXCESSIVE SENTENCE

Witt was sentenced to imprisonment for 6⅔ to 20 years, a penalty statutorily authorized by § 28-105(1) for a Class III felony. " 'A sentence imposed within the statutory limits will not be disturbed on appeal unless the sentencing court has

abused its discretion in the sentence imposed.' " *State v. Johnson*, 238 Neb. 206, 208, 469 N.W.2d 761, 763 (1991) (quoting from *State v. Kitt*, 232 Neb. 237, 440 N.W.2d 234 (1989)). Accord *State v. Staten*, 238 Neb. 13, 469 N.W.2d 112 (1991). This court has also stated:

> [I]n considering a proper sentence, the trial court is not limited in its discretion to any mathematically applied set of factors. It is necessarily a subjective judgment and includes the observations of the sentencing judge as to the demeanor, attitude, and all facts and circumstances surrounding the life of the defendant.

*State v. Stranghoener*, 208 Neb. 598, 603, 304 N.W.2d 679, 682 (1981). Accord, *State v. Tuttle*, 238 Neb. 827, 472 N.W.2d 712 (1991); *State v. Schall*, 234 Neb. 101, 449 N.W.2d 225 (1989); *State v. Goodpasture*, 215 Neb. 341, 338 N.W.2d 446 (1983).

Witt's criminal record includes prior convictions for felony larceny, armed robbery, unauthorized use of a motor vehicle, burglary, attempted first degree sexual assault, and numerous misdemeanors.

Witt's sentence was clearly within the range of penalties for a Class III felony. Further, in view of the nature of the crime and Witt's extensive criminal history, we cannot say that the district court abused its discretion in the sentence imposed on Witt.

## CONCLUSION

Witt's assignments of error are without merit. Accordingly, Witt's conviction and sentence are affirmed.

AFFIRMED.