STATE OF NEBRASKA, APPELLEE, V. MARK A. SCHUMACHER, APPELLANT.

480 N.W.2d 716

Filed March 6, 1992.    No. S-90-1150.

Steven Lefler, of Lefler & Flick, for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

A jury in the district court for Douglas County convicted Mark A. Schumacher on five separate felony charges: first degree forcible sexual assault, a violation of Neb. Rev. Stat. § 28-319 (Reissue 1989) and a Class II felony; two counts of using a firearm to commit a felony, violations of Neb. Rev. Stat. § 28-1205 (Reissue 1989), which is a Class III felony; and two counts of first degree false imprisonment, in violation of Neb. Rev. Stat. § 28-314 (Reissue 1989), a Class IV felony. Pursuant to Neb. Rev. Stat. § 28-105(1) (Reissue 1989), Class II felonies are punishable by imprisonment for 1 to 50 years; Class III felonies are punishable by imprisonment for 1 to 20 years, a $25,000 fine, or both imprisonment and a fine; and Class IV felonies are punishable by imprisonment not exceeding 5 years, a $10,000 fine, or both imprisonment and a fine. The district court sentenced Schumacher to a term of 5 to 10 years' imprisonment on the sexual assault conviction, 1 to 2 years for each conviction of false imprisonment, and 1 year for each

conviction of use of a firearm to commit a felony. Schumacher's false imprisonment sentences run consecutively to the sexual assault sentence, and the sentences on the firearm convictions run consecutively to the sentences for the false imprisonment convictions.

Schumacher assigns two errors in his appeal: First, the evidence is insufficient to sustain a conviction on the charges against him; therefore, his motion for directed verdicts should have been granted, and, second, the sentences imposed are excessive. We affirm.

## STANDARD OF REVIEW

In a criminal case a court can direct a verdict only when (1) there is a complete failure of evidence to establish an essential element of the crime charged, or (2) evidence is so doubtful in character, lacking probative value, that a finding of guilt based on such evidence cannot be sustained.

*State v. Pierce*, 231 Neb. 966, 970, 439 N.W.2d 435, 440 (1989). Accord, *State v. Zitterkopf*, 236 Neb. 743, 463 N.W.2d 616 (1990); *State v. Pettit*, 233 Neb. 436, 445 N.W.2d 890 (1989).

In determining whether evidence is sufficient to sustain a conviction in a jury trial, an appellate court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented to a jury, which are within a jury's province for disposition. A verdict in a criminal case must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that verdict.

*State v. Fleck*, 238 Neb. 446, 447, 471 N.W.2d 132, 134 (1991). Accord, *State v. Zitterkopf, supra*; *State v. Reynolds*, 235 Neb. 662, 457 N.W.2d 405 (1990); *State v. Olsan*, 231 Neb. 214, 436 N.W.2d 128 (1989).

On a claim of insufficiency of evidence, an appellate court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. Only where evidence lacks sufficient probative force as a matter of law may an appellate court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt.

*State v. Fleck*, 238 Neb. at 447, 471 N.W.2d at 134. Accord, *State v. Lonnecker*, 237 Neb. 207, 465 N.W.2d 737 (1991); *State v. Robertson*, 223 Neb. 825, 394 N.W.2d 635 (1986).

## APPLICABLE STATUTES

Section 28-314 provides in pertinent part: "(1) A person commits false imprisonment in the first degree if he knowingly restrains or abducts another person (a) under terrorizing circumstances or under circumstances which expose the person to the risk of serious bodily injury . . . ."

Section 28-319(1) states: "Any person who subjects another person to sexual penetration and (a) overcomes the victim by force, threat of force, express or implied, coercion, or deception . . . is guilty of sexual assault in the first degree."

Under § 28-1205, any person who uses a firearm to commit a felony which may be prosecuted in a Nebraska court commits the separate offense of using a firearm to commit the felony.

## SUFFICIENCY OF EVIDENCE

Examining the evidence, which is construed most favorably to the State in light of Schumacher's convictions, we conclude that the convictions are based on sufficient evidence.

About midnight on April 2, 1990, Schumacher and James Vance appeared at the door of an Omaha home shared by a 21-year-old woman and her fiance. After the woman allowed the pair to enter the house, Schumacher and Vance brandished a firearm and demanded money or drugs. When the couple said they had nothing to hand over, Vance and Schumacher led the woman, at gunpoint, out of the house and into a car, and then drove to a nearby house. Vance took the woman to the house while Schumacher remained with the car.

When the door to the house opened, Vance entered, pointed his firearm at the people inside, and demanded drugs from them. A man in the house said he did not have any drugs, but knew where he could get some. Vance then forced the man and the previously seized female victim out of the house at gunpoint, and all three went back to Schumacher and the car. Vance and Schumacher then took their captives to yet another house and, en route, discussed whether they would kill their female victim. When the four arrived, Vance forced the male

captive to go up to the front door of the house while Schumacher remained with the woman in the car.

In the car, when Schumacher was alone with the woman, he forced her to remove some of her clothes, demanded that she perform oral sex on him, and then forced her to have sexual intercourse. At this point, the police, who were responding to a call regarding the earlier episode involving Schumacher, arrived on the scene. Vance, who had returned to the car, ran away, but the officers caught Schumacher in the act of assaulting the woman in the car.

After the close of the State's case in chief, Schumacher moved for a directed verdict on all five charges against him; the district court denied these motions; Schumacher then rested without presenting any evidence; and the jury found him guilty on all five counts.

The evidence against Schumacher and the evidentiary inferences for the State warranted submission of the case to the jury. Therefore, the district court correctly overruled Schumacher's request for directed verdicts of acquittal. We conclude that the State presented evidence sufficient to sustain each of Schumacher's five convictions. For that reason, we affirm each of Schumacher's convictions.

## EXCESSIVE SENTENCES

We have consistently held that " ' "[a] sentence imposed within the statutory limits will not be disturbed on appeal unless the sentencing court has abused its discretion in the sentence imposed." ' " *State v. Witt*, 239 Neb. 400, 402-03, 476 N.W.2d 556, 558-59 (1991). Accord, *State v. Jameson*, 239 Neb. 109, 474 N.W.2d 475 (1991); *State v. Staten*, 238 Neb. 13, 469 N.W.2d 112 (1991). We have also stated:

> [I]n considering a proper sentence, the trial court is not limited in its discretion to any mathematically applied set of factors. It is necessarily a subjective judgment and includes the observations of the sentencing judge as to the demeanor, attitude, and all facts and circumstances surrounding the life of the defendant.

*State v. Stranghoener*, 208 Neb. 598, 603, 304 N.W.2d 679, 682 (1981). Accord *State v. Witt, supra.*

After a presentence investigation, the district court determined that Schumacher was a nontreatable mentally disordered sex offender. Schumacher has prior convictions for criminal mischief, theft, destruction of property, and numerous traffic offenses. When we consider the nature of the crimes committed by Schumacher and his conduct in the course of those offenses, we are unable to conclude that any of the sentences imposed on Schumacher is excessive. Hence, we affirm the sentences imposed on Schumacher.

## CONCLUSION

Schumacher's assignments of error are without merit. Accordingly, Schumacher's convictions and sentences are affirmed.

AFFIRMED.