STATE OF NEBRASKA, APPELLEE, V. JAMES L. VANCE, APPELLANT.

484 N.W.2d 453

Filed May 29, 1992.   No. S-90-1231.

Martin J. Kushner, of Kushner Law Office, for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

FAHRNBRUCH, J.

James L. Vance appeals his convictions and sentences on two counts of false imprisonment and two counts of use of a firearm in the commission of a felony. His sentences total not

less than 6 nor more than 14 years' imprisonment.

The defendant claims his trial was unfair because it was joined with the trial of a coperpetrator, who was tried not only for the same offenses, but also for first degree forcible sexual assault.

Specifically, Vance claims that (1) the trial court erred in granting the prosecution's request to join his trial with that of the coperpetrator, Mark Schumacher, (2) there was insufficient evidence to convict him of the charges brought against him, and (3) the sentences imposed were excessive. We affirm.

Upon motion of the State and following a hearing, Vance's trial was joined with that of Schumacher. Both men were charged with two counts of false imprisonment in the first degree, each a Class IV felony, and two counts of use of a firearm in the commission of a felony, each a Class III felony. Schumacher was charged with an additional count, first degree forcible sexual assault, a Class II felony.

A person commits false imprisonment if he knowingly *restrains or abducts* another person under *terrorizing circumstances or under circumstances which expose the person to the risk of serious bodily injury.* Neb. Rev. Stat. § 28-314 (1)(a) (Reissue 1989). "Restrain" is defined as the *restriction of a person's movement in such a manner as to interfere substantially with his liberty by means of force, threat, or deception.* Neb. Rev. Stat. § 28-312(1) (Reissue 1989). "Abduct" is defined as the *restraint of a person with intent to prevent his liberation by endangering or threatening to endanger the safety of any human being.* § 28-312(2).

Vance was found guilty of all four charges brought against him, and he was sentenced to a total of 6 to 14 years' imprisonment. Schumacher was found guilty of all five charges brought against him, and he was sentenced to a total of 7 to 13 years' imprisonment. On appeal to this court, Schumacher's convictions and sentences were affirmed. *State v. Schumacher,* ante p. 184, 480 N.W.2d 716 (1992).

### FIRST ASSIGNED ERROR

Vance's first assignment of error claims the trial court erred in granting the prosecution's pretrial motion to join his trial

with that of Schumacher. He asserts that the joinder resulted in prejudice.

Neb. Rev. Stat. § 29-2002 (Reissue 1989) provides:

(1) Two or more offenses may be charged in the same indictment, information, or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors, or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

(2) Two or more defendants may be charged in the same indictment, information, or complaint if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

(3) The court may order two or more indictments, informations, or complaints, or any combination thereof, to be tried together if the offense, and the defendants, if there are more than one, could have been joined in a single indictment, information or complaint. The procedure shall be the same as if the prosecution were under such single indictment, information, or complaint.

(4) If it appears that a defendant or the state would be prejudiced by a joinder of offenses or of defendants in an indictment, information, or complaint, or by such joinder of offenses in separate indictments, informations, or complaints for trial together, the court may order an election for separate trials of counts, indictments, informations, or complaints, grant a severance of defendants, or provide whatever other relief justice requires.

The record fails to reflect that Vance objected to having his case tried with Schumacher's case or made any motion to sever his case from that of Schumacher. The record also fails to disclose any attempt on the part of Vance during the trial to establish any prejudicial effect which could result from the joint trial. See *State v. Cook*, 182 Neb. 684, 157 N.W.2d 151 (1968).

When issues of prejudicial joinder and prejudicial failure to sever are not before the trial court, the defendant cannot raise these issues on appeal. Issues not properly presented to and passed upon by the trial court may not be raised on appeal. *State v. Beins*, 235 Neb. 648, 456 N.W.2d 759 (1990).

Therefore, the issue of whether the joinder of Vance's and Schumacher's cases for trial was improper is not before this court. Vance's first assignment of error is without merit.

## SECOND ASSIGNED ERROR

In his second assignment of error, Vance argues that the evidence was insufficient to convict him of the charges brought against him. After the prosecution rested, Vance moved for directed verdicts in his favor, which motion was overruled. Vance then adduced no evidence. Upon submission of Vance's case, the jury found Vance guilty of the four charges against him.

As we held in *Schumacher, ante* at 186, 480 N.W.2d at 718:

"In a criminal case a court can direct a verdict only when (1) there is a complete failure of evidence to establish an essential element of the crime charged, or (2) evidence is so doubtful in character, lacking probative value, that a finding of guilt based on such evidence cannot be sustained."

Quoting *State v. Pierce*, 231 Neb. 966, 439 N.W.2d 435 (1989). Accord, *State v. Zitterkopf*, 236 Neb. 743, 463 N.W.2d 616 (1990); *State v. Pettit*, 233 Neb. 436, 445 N.W.2d 890 (1989).

In determining whether evidence is sufficient to sustain a conviction in a jury trial, an appellate court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented to a jury, which are within a jury's province for disposition. A verdict in a criminal case must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that verdict.

*State v. Fleck*, 238 Neb. 446, 447, 471 N.W.2d 132, 134 (1991). Accord, *State v. Zitterkopf, supra*; *State v. Reynolds*, 235 Neb. 662, 457 N.W.2d 405 (1990); *State v. Olsan*, 231 Neb. 214, 436 N.W.2d 128 (1989).

On a claim of insufficiency of evidence, an appellate court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. Only where evidence lacks sufficient probative force as a matter of law may an appellate court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt.

*State v. Fleck,* 238 Neb. at 447, 471 N.W.2d at 134. Accord, *State v. Lonnecker,* 237 Neb. 207, 465 N.W.2d 737 (1991); *State v. Robertson,* 223 Neb. 825, 394 N.W.2d 635 (1986).

The facts, construed most favorably to the State, are generally set forth in *State v. Schumacher, ante* p. 184, 187, 480 N.W.2d 716, 718 (1992):

About midnight on April 2, 1990, Schumacher and James Vance appeared at the door of an Omaha home shared by a 21-year-old woman and her fiance. After the woman allowed the pair to enter the house, Schumacher and Vance brandished a firearm and demanded money or drugs. When the couple said they had nothing to hand over, Vance and Schumacher led the woman, at gunpoint, out of the house and into a car, and then drove to a nearby house. Vance took the woman to the house while Schumacher remained with the car.

When the door to the house opened, Vance entered, pointed his firearm at the people inside, and demanded drugs from them. A man in the house said he did not have any drugs, but knew where he could get some. Vance then forced the man and the previously seized female victim out of the house at gunpoint, and all three went back to Schumacher and the car. Vance and Schumacher then took their captives to yet another house and, en route, discussed whether they would kill their female victim. When the four arrived, Vance forced the male captive to go up to the front door of the house while Schumacher remained with the woman in the car.

In the car, when Schumacher was alone with the woman, he committed first degree forcible sexual assault upon her. The police, who were responding to a call regarding the earlier episode, arrived on the scene. Vance, who was hiding in bushes near the car, ran away. The officers caught Schumacher in the

act of assaulting the female victim in the car. Vance was arrested the next day.

The evidence against Vance and the evidentiary inferences for the State warranted submission of his case to the jury. Therefore, the district court correctly overruled Vance's request for directed verdicts in his favor. The evidence was more than sufficient for the jury to have concluded beyond a reasonable doubt that Vance falsely imprisoned both a male and a female victim under terrorizing circumstances and that a firearm was used in the commission of the crimes. Defendant's second assignment of error is without merit. Each of Vance's convictions is affirmed.

### THIRD ASSIGNED ERROR

In his final assignment of error, Vance claims that the sentences imposed are excessive.

False imprisonment is a Class IV felony, punishable by a maximum of 5 years' imprisonment, a $10,000 fine, or both. Use of a firearm in commission of a felony is a Class III felony, punishable by 1 to 20 years' imprisonment, a $25,000 fine, or both. Neb. Rev. Stat. § 28-1205(3) (Reissue 1989) requires that sentences imposed for use of a firearm be consecutive to any other sentence imposed.

Vance was sentenced to consecutive terms of 1½ to 3 years for each of the false imprisonment felonies and 1½ to 4 years for each of the use of a firearm felonies, for a total of 6 to 14 years' imprisonment. All of those sentences are within the statutory limits. A sentence imposed within the statutory limits will not be disturbed on appeal absent an abuse of discretion. *State v. Partee, ante* p. 473, 482 N.W.2d 272 (1992).

Vance argues that his sentences were in error because he received more severe sentences than did Schumacher for the same offenses. Schumacher received 1 to 2 years on each false imprisonment conviction and 1 year on each use of a firearm conviction. Schumacher was also sentenced on the sexual assault conviction.

[T]he mere fact that a defendant's sentence differs from those which have been imposed on coperpetrators in the same court does not, in and of itself, make the defendant's

sentence an abuse of discretion; each defendant's life, character, and previous conduct may be considered in determining the propriety of the sentence.

*State v. Boppre*, 234 Neb. 922, 965, 453 N.W.2d 406, 435-36 (1990).

The trial court found that Vance's criminal record was "absolutely deplorable." A review of Vance's presentence investigation reflects that he has an extensive juvenile record. When he was old enough to be charged as an adult, he was fined and jailed for numerous law violations, both traffic offenses and misdemeanors. He had previously been convicted of robbery. The probation officer who compiled Vance's presentence investigation concluded: "Based upon the defendant's prior arrest record as well as the serious nature of the current offense, it is the opinion of this officer that the only appropriate recommendation is incarceration. It appears society must be protected from Mr. Vance." The probation officer also reported: "The defendant did not admit any involvement in any wrongdoing regarding the convictions." Vance told the probation officer that he felt he was set up by his acquaintances so they could keep $1,000 he gave them for drugs. When we consider the seriousness of the crimes the jury found Vance committed, the terroristic character of the crimes, and the fact that Vance used a gun in the commission of his crimes, any sentences less than those imposed would depreciate the seriousness of Vance's offenses and create disrespect for the law. It cannot be said the trial court abused its discretion in imposing the sentences that it did. The sentences imposed upon Vance were appropriate and are affirmed.

The defendant's third assignment of error is without merit.

AFFIRMED.