STATE OF NEBRASKA, APPELLEE, V. DONNA J. JOHNSON, APPELLANT.

485 N.W.2d 195

Filed June 19, 1992. No. S-91-655.

Thomas M. Kenney, Douglas County Public Defender, and Cheryl M. Kessell for appellant.

Don Stenberg, Attorney General, and Delores Coe-Barbee for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

A jury in the district court for Douglas County convicted Donna J. Johnson of first degree assault, see Neb. Rev. Stat. § 28-308 (Reissue 1989), and using a knife to commit a felony, see Neb. Rev. Stat. § 28-1205 (Reissue 1989). Each of the crimes charged against Johnson is a Class III felony, punishable by imprisonment for a minimum of 1 year and a maximum of 20 years, a $25,000 fine, or both imprisonment and a fine. See

Neb. Rev. Stat. § 28-105(1) (Reissue 1989). The court sentenced Johnson to imprisonment for 5 to 7 years on the assault conviction and 1 to 3 years on the conviction of using a knife to commit the felony assault. Johnson's sentences are to be served consecutively. See Neb. Rev. Stat. § 28-1205(3) (Reissue 1989) (mandatory consecutive sentence for felony committed with a deadly weapon).

Johnson assigns two errors: first, insufficiency of evidence to sustain her convictions and, second, judicial abuse of discretion in the sentences imposed, which are claimed to be excessive. We affirm.

## STANDARD OF REVIEW

In determining whether evidence is sufficient to sustain a conviction in a jury trial, an appellate court does not resolve conflicts of evidence, pass on credibility of witnesses, evaluate explanations, or reweigh evidence presented to a jury, which are within a jury's province for disposition. A verdict in a criminal case must be sustained if the evidence, viewed and construed most favorably to the State, is sufficient to support that verdict.

*State v. Fleck*, 238 Neb. 446, 447, 471 N.W.2d 132, 134 (1991). Accord, *State v. Schumacher, ante* p. 184, 480 N.W.2d 716 (1992); *State v. Zitterkopf*, 236 Neb. 743, 463 N.W.2d 616 (1990); *State v. Reynolds*, 235 Neb. 662, 457 N.W.2d 405 (1990); *State v. Olsan*, 231 Neb. 214, 436 N.W.2d 128 (1989).

On a claim of insufficiency of the evidence, an appellate court will not set aside a guilty verdict in a criminal case where such verdict is supported by relevant evidence. Only where evidence lacks sufficient probative force as a matter of law may an appellate court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt.

*State v. Fleck*, 238 Neb. at 447, 471 N.W.2d at 134. Accord, *State v. Schumacher, supra*; *State v. Lonnecker*, 237 Neb. 207, 465 N.W.2d 737 (1991); *State v. Robertson*, 223 Neb. 825, 394 N.W.2d 635 (1986).

## FACTUAL BACKGROUND

On a November evening in 1990, Johnson and her fiance, Larry James, were in an Omaha bar. Also in the bar were Tom

Stokke and the bar's owner, who several times asked Johnson to leave because Johnson was loud and generally disruptive. After Johnson refused to leave, the bar owner eventually carried Johnson through the bar's rear door to the outside, but Johnson reentered the bar via the front door and responded to an alleged racial slur by "clobbering" Stokke, who fell over a table, breaking a nearby railing and some glassware. As a result, Johnson was again removed from the bar. Outside, Johnson told witnesses that she was going to "kick somebody's ass" and that "I'm going to fuck that guy up."

When Stokke left the bar, he was attacked by Johnson and James. Eyewitnesses testified that, after a brief verbal exchange, Johnson struck Stokke from behind and then pulled Stokke's jacket upward, immobilizing Stokke with his arms upraised while James stabbed Stokke repeatedly with a knife, slashing Stokke's face, head, and neck, as well as puncturing Stokke's back. A witness rescued Stokke and helped him to a nearby car, which was used to rush Stokke to a hospital, where he was treated for multiple stab wounds, loss of blood, and a broken arm.

## SUFFICIENCY OF THE EVIDENCE

Under § 28-308(1), "[a] person commits the offense of assault in the first degree if he intentionally or knowingly causes serious bodily injury to another person." Johnson argues that the evidence against her is insufficient to sustain her conviction because she did not stab Stokke and did not know that James had done so until after the attack. However, Neb. Rev. Stat. § 28-206 (Reissue 1989) provides that "[a] person who aids, abets, procures, or causes another to commit any offense may be prosecuted and punished as if he were the principal offender."

Based on the evidence of Johnson's conduct, including her statements on the evening of the assault, a jury could properly find beyond a reasonable doubt that Johnson intended to cause serious injury to Stokke and that she acted in concert with James or otherwise aided, abetted, caused, or procured the stabbing of Stokke by James. We conclude that the State presented sufficient evidence to sustain both of Johnson's

convictions. Therefore, Johnson's convictions are affirmed.

## EXCESSIVE SENTENCES

Johnson also argues that the sentences imposed by the district court are excessive, because (1) a probation officer, who prepared the presentence investigation and report, recommended probation for Johnson and (2) she received a greater sentence than did James, who was the primary actor in the assault on Stokke.

We have consistently held that "[a] sentence imposed within the statutory limits will not be disturbed on appeal unless the sentencing court has abused its discretion in the sentence imposed." *State v. Kitt*, 232 Neb. 237, 240, 440 N.W.2d 234, 236 (1989). Accord, *State v. Witt*, 239 Neb. 400, 476 N.W.2d 556 (1991); *State v. Jameson*, 239 Neb. 109, 474 N.W.2d 475 (1991); *State v. Staten*, 238 Neb. 13, 469 N.W.2d 112 (1991). We have also stated that "the mere fact that a defendant's sentence differs from those which have been imposed on coperpetrators in the same court does not, in and of itself, make the defendant's sentence an abuse of discretion . . . ." *State v. Boppre*, 234 Neb. 922, 965, 453 N.W.2d 406, 435 (1990). Accord, *State v. Nearhood*, 233 Neb. 767, 448 N.W.2d 399 (1989); *State v. Spotted Elk*, 227 Neb. 869, 420 N.W.2d 707 (1988). See, also, *State v. Whitmore*, 221 Neb. 450, 378 N.W.2d 150 (1985). "[I]n considering a proper sentence, the trial court is not limited in its discretion to any mathematically applied set of factors. It is necessarily a subjective judgment . . . of the sentencing judge as to the demeanor, attitude, and all facts and circumstances surrounding the life of the defendant." *State v. Stranghoener*, 208 Neb. 598, 603, 304 N.W.2d 679, 682 (1981). Accord, *State v. Schumacher, supra*; *State v. Witt, supra*. Furthermore, "the sentencing judge is not bound by the recommendations of the probation officer in determining the sentence to be imposed." *State v. Stranghoener*, 208 Neb. at 603, 304 N.W.2d at 682. Accord *State v. Steed*, 201 Neb. 120, 266 N.W.2d 240 (1978).

In determining the sentences to be imposed on Johnson, the court was aware of the conduct involved in Johnson's convictions for the vicious attack on Stokke and also had the

reported history of Johnson's criminal convictions, especially those convictions since 1986, which include convictions of receiving stolen property, shoplifting (three convictions), assault and battery (two convictions), forgery, and third degree assault. Consequently, we are unable to conclude that either of the sentences imposed on Johnson is excessive. Therefore, the sentences imposed on Johnson are affirmed.

## CONCLUSION

Johnson's assignments of error are without merit. Accordingly, Johnson's convictions and sentences are affirmed.

AFFIRMED.