STATE OF NEBRASKA, APPELLEE, V. CHARLES BENITEZ, APPELLANT.

493 N.W.2d 353

Filed October 27, 1992.   No. A-91-380.

William C. Peters for appellant.

Don Stenberg, Attorney General, and Barry Waid for appellee.

SIEVERS, Chief Judge, and CONNOLLY and MILLER-LERMAN, Judges.

MILLER-LERMAN, Judge.

Appellant, Charles Benitez, was convicted by a jury of knowingly or intentionally manufacturing, distributing, delivering, or dispensing marijuana, a Class III felony, and was sentenced to the minimum prison term of 1 year. Appellant argues that the court (1) wrongly admitted at trial certain testimony regarding his past drug use and dealings and wrongly considered at sentencing the prosecutor's remarks regarding his association with drug dealers, (2) wrongly denied his motion for a mistrial based on alleged juror misconduct, and (3) wrongly denied his request for probation and imposed an excessive sentence. For the reasons recited below, we affirm.

The record supports the following facts: Appellant was arrested on November 2, 1990, by members of a multidepartmental antidrug unit called the Western Nebraska Intelligence and Narcotics Group (WING). The crime for which appellant was arrested and later convicted consisted of selling two marijuana cigarettes for $5 to a paid informant, Jesse Bravo, on May 30, 1990. The record shows that after the May 30 buy, Bravo, while fitted with a wire transmitting device, approached appellant eight additional times in an attempt to buy drugs and that those eight additional endeavors were unsuccessful. The record supports the conclusion that the marijuana appellant sold Bravo had, in fact, been delivered to appellant by Bravo in days prior to the buy-back. The record also shows that Bravo had made two marijuana sales to undercover agents and that he was given an opportunity to work off his potential felonies by becoming a "cooperating individual" with the WING unit. After his arrest, appellant was offered the opportunity to become a cooperating individual, which he declined. Charges against appellant were filed, and a conviction at jury trial followed. Appellant timely perfected this appeal.

Appellant argues that certain testimony regarding his past drug dealings with Bravo was improperly admitted because it was irrelevant and prejudiced the jury. Neb. Evid. R. 403, Neb. Rev. Stat. § 27-403 (Reissue 1989). Specifically, Bravo testified that he had bought marijuana from appellant approximately 12 times during the period from December 1989 until May 30,

1990. On redirect, defense counsel objected to the testimony of past dealings between Bravo and appellant, and the objection was overruled. The court promptly gave a limiting instruction with respect to the significance of similar acts and their relevance as to appellant's intent to commit the crime charged consistent with Neb. Evid. R. 404(2), Neb. Rev. Stat. § 27-404(2) (Reissue 1989).

The court notes that evidence of other crimes or similar acts is admissible pursuant to rule 404(2) after being subjected to screening for probative value pursuant to rule 403, if the testimony is admitted to indicate present intent and knowledge of the defendant. *State v. Messersmith*, 238 Neb. 924, 473 N.W.2d 83 (1991); *State v. Methe*, 228 Neb. 468, 422 N.W.2d 803 (1988); *State v. Kern*, 224 Neb. 177, 397 N.W.2d 23 (1986). In this case, the court specifically directed the jury that similar acts were admissible to show the knowledge and intent of appellant to commit the crime charged. The admission of the similar act testimony with the limiting instruction is consistent with Nebraska Supreme Court rulings.

Appellant argues that the prosecutor who appeared at the sentencing was not the prosecutor who tried the case and was unfamiliar with the trial evidence. Appellant argues that the sentencing prosecutor made inaccurate references to the evidence at trial and made improper references to appellant's association with alleged drug dealers. Specifically, the prosecutor who appeared at sentencing stated that a juvenile offense of appellant's had been committed with a codefendant who had since allegedly become a high visibility drug dealer. The trial court explicitly found these remarks to be irrelevant and so stated. While the court does not endorse the sentencing prosecutor's untethered remarks, it is clear that the trial court was uninfluenced by them, and the remarks as ignored do not amount to error.

Appellant claims that there was juror misconduct which was prejudicial and requires the finding of a mistrial and remand by this court. The record shows that after the jury had deliberated and reached a verdict, and the verdict was sealed, one of the jurors made eye contact with James Benitez, brother of appellant, and through body language indicated that a verdict

of guilty had been reached. As noted, the record amply supports the conclusion that this contact occurred after the verdict was reached and sealed. Although appellant's counsel objected to these events as juror misconduct, the court conducted a hearing into these events, as required by *State v. Steinmark*, 201 Neb. 200, 266 N.W.2d 751 (1978), and concluded that no misconduct or prejudice occurred. No formal request to invalidate the verdict prior to it being accepted and rendered was made. Without regard to whether this issue was properly preserved, this court finds that the conduct complained of does not amount to juror misconduct, that no prejudice to appellant occurred, and that the verdict need not be invalidated.

"[I]n order for a new trial to be ordered because of juror misconduct, the party claiming the misconduct has the burden to show by clear and convincing evidence that prejudice has occurred." *Hunt v. Methodist Hosp.*, 240 Neb. 838, 848, 485 N.W.2d 737, 744 (1992). "Proof of mere indiscretion in the conduct of a juror is not sufficient to avoid a verdict unless the proof establishes that the juror's conduct was of such character that prejudice may be presumed." *Auer v. Burlington Northern RR. Co.*, 229 Neb. 504, 515, 428 N.W.2d 152, 160 (1988). The court notes further that the misconduct complained of must, inter alia, have influenced the jurors in arriving at a verdict. *Ellis v. Far-Mar-Co*, 215 Neb. 736, 340 N.W.2d 423 (1983). Based on the evidentiary hearing conducted by the trial court, it is clear that the juror conduct complained of in this case, while indiscreet, did not influence the jurors in arriving at a verdict because the conduct occurred after the verdict was reached and sealed. We agree with the trial court's conclusion that there was no juror misconduct. Appellant's assignment of error based on juror misconduct is without merit.

Appellant claims that his sentence is excessive and that its imposition was an abuse of discretion by the trial court. Appellant argues that he should have been given a term of probation rather than incarceration. The court notes that appellant was convicted of a Class III felony, punishable by a minimum of 1 year's imprisonment and a maximum of 20 years' imprisonment, a $25,000 fine, or both. See Neb. Rev. Stat.

§ 28-105(1) (Reissue 1989). Appellant was sentenced to 1 year's imprisonment, ordered to obtain drug education, and ordered to pay costs.

The court observes, and the parties agree, that a sentence imposed within the statutory limits will not be disturbed on appeal unless the sentencing court has abused its discretion. *State v. Johnson*, 240 Neb. 924, 485 N.W.2d 195 (1992). "Further, '[w]hether the sentence imposed is probation or incarceration is a matter within the discretion of the trial court, whose judgment denying probation will be upheld in the absence of an abuse of discretion.' " *State v. Wilcox*, 239 Neb. 882, 885, 479 N.W.2d 134, 136 (1992).

The court has carefully considered the record as a whole, and this assignment of error in particular. The court notes that at the sentencing, the trial judge rejected a sentence of probation because the "distribution of drugs is such a serious offense that a sentence of probation would depreciate the seriousness of the crime and promote disrespect for the law." The sentencing court added: "The Court is further of the opinion in this case that the incident of distribution in this case is one of the least serious that the Court has seen and should, therefore, be a minimum sentence." These comments demonstrate that the trial court exercised its discretion in sentencing and had an appreciation of the facts underlying the case. While the efficiency and efficacy of the enforcement effort expended in this case may be subject to discussion elsewhere, the fact remains that appellant was found guilty by a jury of distributing marijuana on a record which supports a conviction. Although probation appears to have been an available sentencing alternative, see Neb. Rev. Stat. § 29-2260(2) (Reissue 1989), it appears that the trial court considered and rejected probation for reasons tailored to the individual facts of appellant's case, and this court cannot conclude that the sentencing court abused its discretion as a matter of law. Accordingly, this court finds that imposition of a year's imprisonment was not an abuse of discretion, and the sentence is affirmed.

AFFIRMED.